LEONARD J. FARWELL and WILLIAM ANTIS, *Appellants*,

*vs.*

MERRICK MURPHY, *Appellee.*

The assignee of a second mortgage may maintain a bill for redemption against the assignee of a first mortgage, or he may, in a bill to foreclose, make the assignee of the first mortgage a party, and obtain the usual decree of redemption against him.

Where the assignee of a second mortgage has proceeded in equity to foreclose the equity of redemption therein, without making the prior incumbrancers parties to his bill, he is not thereby precluded from afterwards filing a bill against such prior incumbrancers to obtain a decree of redemption.

If, upon a decree of foreclosure, and a sale thereon to satisfy a first mortgage, a second mortgagee of the same premises, or any portion thereof, has not been made a party to the proceeding, and the second mortgagee or his assignee has also obtained a decree of foreclosure, upon which a sale of the premises has been made, without making the prior incumbrancer, whether mortgagee or purchaser at the first sale, a party, the purchaser at the second "mortgage sale" may maintain a bill to redeem. Persons who had an interest in the mortgaged premises, but who had not been made parties to the proceedings to foreclose, cannot be concluded thereby.

Where distinct titles to the mortgaged premises are claimed by different parties, under sales made in pursuance of decrees made in several proceedings to foreclose a first and a second mortgage, and where the second mortgagee or his assignee has not been made a party to the proceeding to foreclose the first mortgage, a bill to obtain redemption by the purchaser at the sale on the decree on the second mortgage, is not obnoxious to the charge that it is in the nature of "an ejectment in equity." In such a case, the titles claimed are not inconsistent.

The statement and facts of this case are set forth in detail in the opinion of the court.

*H. S. Orton,* for the appellants.

I. The principle of "equity of redemption" exists only in connection with mortgages. 4 *Kent. Comm.* 161; 12 *Vesey,* 59 ; 2 *Root,* 333 ; 2 *Story's Eq. Juris.* 283–291.

Dec. Term
1853.

Farwell &
Antis
vs.
Murphy.
II. The prayer of a bill to redeem, brought by a second mortgagee, should be to redeem the first mortgage, and this will not be allowed without making the first mortgagor a party. 12 *Vesey*, 59; 2 *Halstead's Ch. Rep.* 464 ; 2 *Simmons*, 466.

III. A sale under foreclosure of a second mortgage is subject to a prior mortgage, when the prior mortgagee is not made a party. 3 *Swanston*, 143; 2 *Simmons*, 471.

IV. The bill presents a question of conflicting title, between the complainant Murphy and the defendant Farwell, which cannot be tried by a Court of Chancery. It is in the nature of an "ejectment in equity." 4 *Sanford's Ch. R.* 208 ; 6 *Paige*, 636 ; 5 *Leigh*, 192; 4 *Young & Call*, 345 ; *Jacobs' R.* 490.

V. When part of a mortgage debt is assigned, the assignor is a necessary party to a bill to foreclose or redeem. 1 *Barb. Ch. R.* 254 ; *Story's Eq. Pl.* 246, 232; 3 *Bearans*, 355; 2 *Sum. & Stu.* 426 ; 1 *Brown's Ch. R.* 368.

*Arthur McArthur*, for appellee.

I. The proceedings in the foreclosure suit upon the first mortgage can only affect the rights of parties in the cause. The appellee owned a second mortgage upon a portion of the same premises, and was not made a party ; he had therefore a right to redeem or foreclose. 3 *J. Ch. R.* 459 ; 4 *Paige*, 59 ; 1 *id.* 284.

II. So far as the appellee is concerned, the appellant is to be regarded merely as an assignee of the first mortgage ; and therefore, when the appellee purchased at the second foreclosure sale, he took the premises subject to the prior mortgage, the same as if

it had not been foreclosed, and with the right of redeeming it. 11 *Paige,* 32; 3 *J. C. R.* 459.

III. The purchaser under the sale of a junior mortgage takes the equity of redemption only, and the legal presumption is, that such purchaser only bids to the value of the equity of redemption. 1 *Comst.* 604; 10 *Paige,* 503.

IV. The demurrer admits all the facts stated in the bill, and it is submitted that the matters stated in the fifth and sixth points of the demurrer cannot be enquired into in this collateral proceeding. *Mitford's Ch. Pl.* 129; 1 *Paige,* 263; *Cowen & Hill's Notes, Part* II., *p.* 921.

V. The whole and equitable title and interest of Cady in the premises had been cut off by the foreclosure sales set forth in the bill. He was therefore not a necessary party in this suit. 4 *Paige,* 58.

*By the Court,* CRAWFORD, J. The appellee filed his bill of complaint in the Circuit Court for the county of Milwaukee against the appellants, praying for leave to redeem certain real estate in the city of Milwaukee from a sale on foreclosure of a mortgage.

The case stated in the bill of complaint is, that in the year 1845, John T. Perkins executed a mortgage upon the property in question, as a security for the payment of six hundred dollars and interest within one year from the date of the promissory note given by him for that sum. In this mortgage, Edward B. Dickerman was the mortgagee; that in 1846 Dickerman assigned the mortgage to Thomas Severn; that in 1847 Perkins conveyed the undivided half of two of the lots embraced in the mortgaged property, and also the undivided half of another lot in the city of

DEC. TERM 1853.

Farwell & Antis
*vs.*
Murphy.

Dec. Term
1853.

Farwell &
Antis
vs.
Murphy.

Milwaukee to Dennis S. Cady; and to secure the payment of a part of the purchase money, namely, $4500, he took a mortgage from Cady on the premises sold to him. This last mentioned sum was the gross amount of six promissory notes given by Cady to Perkins; one of which, for the sum of $875 and interest, and falling due in January, 1849, was, in March, 1848, together with the last mentioned mortgage, assigned to the complainant in the bill (Murphy), and the assignment was recorded in the office of the register of deeds.

That in May, 1849, Thomas Severn, the assignee of the first mortgage, filed his bill for foreclosure against Perkins and wife and Dennis S. Cady, who was a subsequent purchaser; but to this proceeding the present complainant was not made a party, and had neither notice or knowledge of it until after its termination; that in July, 1849, the bill of complaint in the above mentioned foreclosure proceeding was taken *pro confesso* against all the defendants therein, and a decree of foreclosure entered accordingly, under which decree the property was sold to the present defendant, Leonard J. Farwell, in September of the same year for the sum of $675.73, and that all of the parties to the proceedings, by Severn as well as Mr. Farwell, knew during the pendency of the foreclosure, that the present complainant was a subsequent incumbrancer, as assignee of the second mortgage.

That during the pendency of the foreclosure proceeding by Severn, the present complainant, in August, 1849, filed his bill of complaint in the same court for the foreclosure of the mortgage given by Cady to Perkins and assigned to the complainant, as before stated; and in this second foreclosure proceed-

ing, in which Dennis S. Cady was the sole defendant, Dec. Term 1858, a decree of foreclosure was entered, and in November, 1849, the premises described in the mortgage from Farwell & Antis vs. Murphy. Cady to Perkins were sold under the decree, and were purchased by the complainant.

'i hat the premises mentioned in the first mortgage were at the first chancery sale sold to Leonard J. Farwell ; and at the second chancery sale, the undivided one-half of two of the lots sold to Mr. Farwell were, with a part of lot ten, in block thirty-one, sold to the complainant ; that the premises are of the value of ten thousand dollars, and at the time of the sale were clear of incumbrance ; that the defendant, Farwell, took possession of the premises bought by him, or received the rents and profits thereof, and so continues although the complainant has tendered to him the sum of $750 and offered to pay any other or further sum which might be sufficient to redeem the property from the sale to Farwell, and requested him to surrender the property and account for the rents and profits ; and that the defendant, William Antis, claims, or pretends to claim, some interest in the property as mortgagee, or purchaser, subsequent to the sale on foreclosure.

The bill prays that an account may be taken of the moneys paid by the defendant Farwell, as well as of the rents and profits by him received ; and that if anything shall, upon such accounting, be found due to the said Farwell, that upon payment thereof by the complainant, (which payment he offers to make,) the defendant Farwell may be decreed to surrender and convey the undivided one-half of the lots numbered one and three in block thirty-two, to the complainant.

Dec. Term
1853.
The usual prayer for general relief is also contained in the bill.

Farwell &
Antis
vs.
Murphy.
The defendant Antis was not served with process, and was not brought into court in any other manner, but the defendant Farwell was served, and at the proper time interposed his separate demurrer to the bill, assigning several causes, which, after argument, was overruled, and an appeal from the order overruling the demurrer brings the cause before us.

There can be no doubt that Murphy, the present complainant, as assignee of the second mortgage, might have filed his bill to redeem against the assignee of the mortgagee named in the first mortgage, (Severn,) and if he had done so, he might have obtained the usual decree of redemption, but instead of doing so, he chose to file his bill for foreclosure against his mortgagor (Cady) alone, and did not bring in Severn, who stood in the attitude of a prior mortgagee, at the time of the filing of a bill for foreclosure by Murphy. So far as his equity of redemption was concerned, he could have insisted upon it against the prior incumbrancer, by making him a party to his bill of foreclosure, or by a separate bill to redeem.

It is insisted, however, by the counsel for Mr. Farwell, that by neglecting to pursue such a course, and by proceeding to foreclose the second mortgage without making Severn or Farwell a party, and praying redemption, the present complainant has precluded himself from claiming to redeem at this time; because the relations of the parties have been changed, and their character of mortgagees has become merged by the title acquired by the sale of them respectively on the decrees of foreclosure; and that the present

bill presents but a question of superiority of title so acquired, and may therefore be aptly termed an "ejectment in equity."

We are unable to view the case in this light. There is no inconsistency or conflict between the titles claimed by these parties respectively. Mr. Farwell purchased the *fee* of the premises described in the first mortgage, released from all equity of redemption on the part of any of the persons who were parties to that proceeding ; but if, at the time of the first foreclosure suit, there were other parties who had an interest in the mortgaged premises, or the equity of redemption thereof, and who had not been made parties to the suit, they of course would not be concluded by the decree, and might afterwards insist upon such rights or equities as they possessed. When Perkins sold to Cady, he had only an equity of redemption to dispose of, and the mortgage given by Cady to Perkins, to secure the payment of the purchase money, and which was assigned to the present complainant, could only affect this equity of redemption. So that, upon the second foreclosure and sale to Murphy, he acquired nothing more than the equity of redemption of the first mortgage ; and inasmuch as the bill before us states that at the time of the prior foreclosure proceedings, Murphy was the assignee of the second mortgage, having a claim to the equity of redemption of the first mortgage, which was known to all the parties, and was not brought in, his rights remain unimpaired by the proceedings to which he was not a party, and we think he may well insist upon redemption at any time within the period of limitation, where he has not been foreclosed.

The title insisted upon by the present complainant

Dec. Term
1858.

Farwell &
Antis
*vs.*
Murphy.
is not a denial of the title of Mr. Farwell, but is entirely consistent with it ; and hence it cannot be truly said that there is such a conflict for supremacy between these titles as would give to the present proceeding the appearance of an ejectment in equity.

The foreclosure and sale in the second suit did not, in our opinion, change the rights of Murphy, so far as the first mortgagee, or his assignee, or the purchaser at the first chancery sale, is concerned ; because the effect of the second decree of foreclosure was merely to take from Cady, the only party defendant, any right of redeeming the second mortgage which he may have had, and the other parties were strangers to the proceeding, and were therefore not affected thereby.

From the best examination of the case in all its bearings which we have been able to give it, we cannot perceive why the present complainant is not entitled to redeem that portion of the premises purchased by Mr. Farwell, which was embraced in the sale on the second foreclosure, nor do we find any objection to Mr. Farwell's redeeming from the present complainant by paying him the amount of his decree with interest and costs. So far as relates to the objection urged against this bill, that the second mortgage was to secure the payment of six promissory notes, five of which are not shown to have been satisfied, and that the foreclosure by Murphy against Cady was only for one of the notes, although all the mortgaged property was sold, we may well remark that the demurrer cannot raise this point, without becoming what is termed *a speaking demurrer*, because the objection does not arise from the statements in the bill, and besides, the court in which the foreclosure was obtained was the

proper place to raise the objection. We will confine the operation of the decree to the parties who should be affected by it; and if others have interest in the controversy, but have had no opportunity to be heard, the former proceedings as to such persons will not be deemed operative.

The neglect to make the first mortgagee, Dickerman, or his assignee, Severn, or the first mortgagor, Perkins, (who was also the second mortgagee,) or the second mortgagor, Cady, parties to the present bill, is not in our view a defect, because in the first suit Perkins was foreclosed, as was also Cady and Severn; the assignee of the first mortgage, obtained satisfaction of his debt, and thereupon ceased to have any interest; and in the second suit Cady was again foreclosed of his equity of redemption from the latter mortgage.

The decretal order of the Circuit Court must be affirmed with the costs of this court, and the cause must be remanded for further proceedings in the Circuit Court of Milwaukee county.