Olmstead v. Tarsney.

AFFIRMED.

OLMSTEAD v. TARSNEY *et al.*, *Appellants.*

**Tender:** SPECIAL TAX BILL, REDEMPTION FROM SALE UNDER: DEED OF TRUST, DISTRIBUTION OF PROCEEDS OF SALE UNDER. On a bill of interpleader filed by a trustee to determine the disposition of a fund arising from a sale of land under a deed of trust in favor of one A, the following state of facts appeared: After the execution of the deed of trust, suit was brought and judgment was obtained against the land upon a special tax bill, the lien of which ante-dated the deed of trust. There was a sale under the judgment and B became the purchaser; A was not made party to this suit. Pending these proceedings, a second deed of trust was executed; and finally a judgment was obtained for the enforcement of a mechanic's lien against the land and its improvements. By the act under which the special tax bill

was issued, any one interested in land, if he claimed under a party defendant in a suit on such a bill, by a title which accrued before suit brought, and was not himself made party to the suit, had a right to redeem from a purchaser at a sale under a judgment on the bill. Before the sale under the deed of trust A offered to redeem the land, and tendered to B the amount due, but the tender was refused. *Held, first,* that the tender did not divest B's title. He still held subject to A's right to redeem, a right which could be enforced by petition in equity. *Second,* That B was entitled to no part of the fund. What remained after satisfying the first deed of trust and the junior incumbrances, should go to the original owners of the land.

*Appeal from Jackson Circuit Court.*—HON. SAML. L. SAWYER, Judge.

*L. C. Slavens* for appellants Evans and Thayer.

HOUGH, J.—In March, 1871, Wlliam Evans, being then the owner of lot 355, in McGee's addition, Kansas City, sold the south half thereof to Charles Evans, who took possession, built a house thereon, and continued in possession, but received no deed until April 29th, 1873. After the sale William Evans, with the consent of Charles Evans, executed two deeds of trust covering the entire lot; one dated November 22nd, 1872, to the plaintiff, Olmstead, as trustee, to secure the payment of a promissory note for $172.69, to Leach & Hall; and one dated April 29th, 1873, to one Fancher, as trustee, to secure a note for $500, to F. E. Day. On the 21st day of October, 1872, pursuant to the provisions of the charter of the City of Kansas, a special tax bill was issued to Edward Corrigan, for which he receipted to the city engineer on the 11th day of November, 1872, at which date it became a lien on said lot. On the 14th day of December, 1872, suit was brought on said tax bill, by Corrigan, before a justice of the peace, against William Evans, alone, and on appeal to the special law and equity court of Jackson county, judgment was rendered against him, on said tax bill, on the 15th day of April, 1873, for the sum of $19.58, on which judgment

a special execution was issued, by virtue of which the whole of said lot was, on the 25th day of September, 1873, sold to the defendant, Tarsney, for the sum of $56.95, and a deed therefor was executed by the sheriff. In January, 1874, Leach & Hall sold and transferred their note for $172.69 to O. C. Day, who, on the 23rd day of February, 1874, for the purpose of redeeming said lot from said sheriff's sale, tendered to the defendant, Tarsney, the full amount of the purchase money paid by him, and interest thereon. On the 24th day of February, 1874, plaintiff, as trustee, sold said lot, under the deed of trust aforesaid, to O. C. Day, for the sum of $1,800, and executed to him a deed therefor. On the 27th day of April, 1874, in a suit against Charles Evans in the circuit court of Jackson county, judgment was rendered in favor of one Deardorf for the sum of $200, and for the enforcement of a mechanic's lien on the south half of said lot. William Evans died November 20th, 1874, and the defendant Thayer, was appointed administrator of his estate. On a bill of interpleader filed by the plaintiff, as trustee, the sum received by him at the sale under the deed of trust aforesaid, was distributed as follows: to O. C. Day the sum of $194.35, the amount of his note and interest; to F. E. Day, $540.97, the amount of her note and interest; to L. Deardorf, $212, the amount of his judgment and interest; and the remainder, after reserving $58 for the costs and expenses of the trustee's sale, was directed to be paid to the defendant, Tarsney. From this decree Joseph Thayer, administrator, and Charles Evans have appealed to this court.

Section 4, article 9, of the city charter, (Acts 1872, p. 411,) provides that parties interested in the land who are not made defendants, shall not be affected by any judgment obtained in any suit on any special tax bill, nor by any sale under such judgment; "and if they claim through or under any parties defendant prior to suit brought, may redeem from the purchaser, or otherwise assert their rights according to equity and good conscience." It is contended by

the defendants Thayer and Evans, that the tender by O. C Day to the defendant, Tarsney, of the purchase money paid by him, together with interest thereon, placed the parties in the same position as if payment thereof had actually been made, and that such tender, therefore, extinguished Tarsney's interest in the land.

So far as the present case is concerned, the incumbrance on the property in question created by the special tax bill, must be treated as conferring upon the owner thereof the same right which would have been conferred by a mortgage for that amount, and as being similarly subject to redemption. A tender by the debtor to the mortgagee on the law day, will undoubtedly discharge the lien of the mortgage; and it has been repeatedly decided that a tender by the debtor to a mortgagee of the amount of his debt after the law day, or at any time before foreclosure, will discharge the lien of the mortgage. *Jackson v. Crafts*, 18 Johns. 110; *Edwards v. Farmers' Fire Insurance & Loan Co.*, 21 Wend. 467; *Arnot v. Post*, 6 Hill 65; *Kortright v. Cady*, 21 N. Y. 343. It has been held, on the contrary, that a tender after default will not discharge the lien of the mortgage. *Shields v. Lozear*, 34 N. J. Law 504; *Perre v. Castro*, 14 Cal. 519; *Himmelmann v. Fitzpatrick*, 50 Cal. 650; *Merritt v. Lambert*, 7 Paige 344; *Maywood v. Hunt*, 5 Pick. 240; *Currier v. Gale*, 9 Allen 522. In *Harris v. Jex*, 66 Barb. 232, it was said that in order to discharge the lien the tender must be made by the debtor, and that no tender will have that effect when made by one who has acquired the equity of redemption, unless he has become bound for the debt. In *Frost v. Yonkers Savings Bank*, 65 N. Y. 553, however, it was held that the owner of land subject to mortgage, has a right to discharge it after default, although he is not personally liable for the debt, and a lawful tender by him, will destroy the lien. But the court declined to hold in that case that a junior mortgagee occupies the same position as the owner of the land, and that as such, he has, under all circumstances, the right to

pay off or redeem from a senior mortgage past due. In
*Post v. Arnot*, 2 Denio 344, it was said: "But when the
mortgage has been foreclosed, there is no authority for
saying that a tender to the purchaser under the foreclosure
will extinguish his title."

It is unnecessary for us, in the present case, to choose
between these conflicting authorities and determine whether
a simple tender after default will extinguish the lien, or
whether a tender having such effect can be made by a junior
incumbrancer as such. The tender made by Day was not
made to the owner of the tax bill lien, but to the purchaser
at the execution sale under the judgment enforcing the
lien. Such a tender cannot divest the purchaser of his
title. Day, however, not having been made a party to the
suit on the tax bill, had a right to redeem from the pur-
chaser, although he had foreclosed his own trust deed.
*Farwell v. Murphy*, 2 Wis. 533; but such right could only
be exercised by petition in equity. *Gower v. Winchester*, 33
Iowa 303.

As Charles Evans was not made a party to the suit on
the tax bill, his rights remained unaffected by the judg-
ment therein and the execution sale. That judgment and
sale extinguished the right of William Evans only to re-
deem the property, as mortgageor, from the lien of the tax
bill. Tarsney, however, held the interest acquired by him
subject to redemption by subsequent incumbrancers who
were not made parties to that proceeding. When the fund,
therefore, arising from the sale under the first trust deed
was brought into court for distribution, the sum remaining
after satisfying the two debts secured by the trust deeds
and the judgment on the mechanic's lien, should have been
divided between William Evans and Charles Evans, accord-
ing to their respective interests in the property. Tarsney,
the purchaser under the first lien, was entitled to no part
of it.

When a first mortgage has been foreclosed without
making a second mortgagee a party, the second mortgagee

may redeem the first mortgage, and the mortgageor still having the right to redeem the second mortgage, may by so doing acquire the right of the second mortgagee to redeem the first. *Goodman v. White*, 26 Conn. 317. As the mortgageor has the right to redeem the second mortgage, on foreclosure of such mortgage, without making the first mortgagee a party, the mortgageor is entitled to the surplus remaining after payment of the second mortgage, and any junior incumbrancers who were made parties, or have been paid by consent. The judgment must, therefore, be reversed and the cause remanded. The other judges concur.

REVERSED.