KEATING v. CRAIG *et al.*, *Appellants*.

1. **Lien of Special Tax Bill.** The lien of a special tax bill, like the lien for general taxes, is superior to any incumbrance with which the owner may charge his land.

2. **Special Tax Bills under Charter of Kansas City:** SUIT TO ENFORCE: NECESSARY PARTIES: DEED OF TRUST. Under the charter of Kansas City a trustee in a deed of trust is not a necessary party to a suit to enforce the lien of a special tax bill against the land covered by the deed. If the beneficiary be made party it will be suffici ent. The trustee's rights under the deed will be barred by a jud gment against him.

*Appeal from Jackson Special Law and Equity Court.*—HON. R. E. COWAN, Judge.

AFFIRMED.

*Wallace Pratt* for appellants.

*Lathrop, Gill & Smith* for respondent.

HOUGH, J.—This was a suit to enforce the lien of a special tax bill against certain real property in the City of Kansas, brought against James and Mary Craig as owners thereof, and the Northwestern Mutual Life Insurance Company as beneficiary in two deeds of trust on said real estate. Wallace Pratt, the trustee, was not made a party defendant. The two deeds of trust were executed on the 9th day of April, 1872, and the 23rd day of July, 1872, respectively. The lien of the tax bill attached to the property on the 17th day of September, 1874. The plaintiff recovered judgment for the enforcement of the lien of the tax bill. But two questions are presented by the record. 1st, Was the lien of the tax bill superior to the liens of the trust deeds? 2nd, Was the trustee a necessary party?

It is provided in section 3, article 9, of the city charter, that in suits to enforce the lien of a special tax bill, all or any of the owners of the land charged, or of any interest or estate therein, may be made defendants, and that a judgment in such suit shall bind all the right, title, interest and estate in the land that the defendants and each of them owned at the time the lien of the tax bill commenced or acquired afterward. It is further provided in the same section, that parties interested in the land not made defendants, shall not be affected thereby, and if they claim through or under any parties defendant prior to suit brought, they may redeem from the purchaser.

It is contended on behalf of the appellants that this court held in *Olmstead v. Tarsney*, 69 Mo. 399, and *Corrigan*

*v. Bell, ante,* p. 53, that an incumbrance created by a special tax bill issued under the city charter of the City of Kansas, is to be regarded as conferring upon the owner thereof, the same rights that would have been conferred by a mortgage for a similar sum, and that it, therefore, follows, that the lien created by the deeds of trust, as they are prior in point of time, are superior to the lien created by the tax bill. Counsel for the appellants evidently misapprehend the effect of the decisions referred to. It is true that in the case of *Olmstead v. Tarsney* it was said, that for the purposes of that case the incumbrance created by the tax bill might be regarded as a mortgage; that is, for the purpose of determining the effect of the tender made to the purchaser at the tax sale, and for the purpose of determining how the proceeds of the sale under the first deed of trust should be distributed. The tax lien in that case was prior in point of time to the first deed of trust, and the observations relied upon were expressly limited to the facts of the case then before the court. It was not the purpose of the opinion in that case to declare, that when the lien of a special tax bill attaches to land after it has been mortgaged by the owner, that the tax bill will be regarded as a junior mortgage. The lien of the special tax bill, like the lien for general taxes, is superior to any incumbrance with which the owner may charge his land. This is the evident meaning of that portion of section 3 above referred to, which declares the effect of a judgment on a special tax bill.

We do not think the validity of the judgment in this case is in any way impaired by reason of the fact that the trustee was not made a party to the proceeding. He was not a necessary party. If he has any beneficial interest in the property distinct from that of the insurance company, under the provisions of the charter the judgment will not affect him, and he will be entitled to redeem. *Olmstead v. Tarsney,* 69 Mo. 396; *Corrigan v. Bell, ante,* p. 53; *St. Louis*

*v. Bernoudy*, 43 Mo. 552.   The judgment will be affirmed. The other judges concur.