# Cases

### DETERMINED IN THE

# FIRST DEPARTMENT

#### AT

# GENERAL TERM.

## November, 1891.*

In the Matter of the Petition of GEORGE W. McLEAN, as Receiver of Taxes, to Enforce Payment of the Tax for Personal Property Imposed upon ABRAM L. ERLANGER for the Year 1890.

*Taxes upon personal property in New York city — chap. 410, Laws of 1882 — the return of a marshal is conclusive as to a demand having been made — when a delinquent taxpayer will not be charged with costs.*

The receiver of taxes of the city of New York issued a warrant for the collection of a personal tax, under the New York consolidation act, chapter 410, Laws of 1882, to a marshal of said city, who returned the same unsatisfied. Said act, at section 857, provides that "in case of the refusal or neglect" of a taxpayer to pay such a tax the said receiver may within a year proceed to enforce payment.

*Held,* that, in a proceeding to enforce the tax, the marshal's return was conclusive, and that the taxpayer could not show that the marshal never, as matter of fact, demanded of him payment of the tax.

That as, however, the charge that the marshal never demanded payment was not denied by the receiver, the court would, under section 861 of the act, relieve the taxpayer from payment of the costs of such proceeding.

Appeal by Abraham L. Erlanger from an order, entered in the office of the clerk of the city and county of New York on the 24th day of June, 1891, whereby it was, among other things,

---

* The other cases of this term which have been reported will be found in the previous volume (61 Hun).

adjudged that said Erlanger was guilty of a failure to pay a tax for personal property assessed against him for the year 1890, and that he be committed to the jail of the city and county of New York, there to remain until he had paid the sum of ninety-two dollars and seventy-five cents, and directing that a warrant issue against him for that purpose.

*Thomas P. Wickes*, for the appellant Erlanger

*John G H Meyers*, for the respondent McLean, receiver.

BARRETT, J. :

The question here is whether the appellant can go behind the return of the marshal to whom the warrant for the collection of the personal tax imposed upon him was issued. We agree with the appellant that jurisdictional facts must be stated in the petition, and it is conceded that all such facts are therein stated. One of these facts is that a warrant for the collection of the tax was issued by the petitioner to a marshal, and that that officer has returned such warrant unsatisfied. This statement is made positively by the affiant, and is necessarily within his personal knowledge. It is not denied by the respondent. The latter merely denies " any knowledge or information sufficient to form a belief of the issuance of such warrant." This form of denial would, under the Code, raise an issue to a complaint in an action, but it is not a denial of fact stated positively in an affidavit. (*Matter of Petition of N. Y. L. and W. R. R. Co.,* 99 N. Y., 17 ; *Rome, W. and O. R. R. Co.* v *City of Rochester,* 46 Hun, 149 ; *The People ex rel. Carleton* v. *Board of Assessment,* 52 How. Pr., 140 ; *Matter of Sullivan,* 55 Hun, 285.) We thus have all the jurisdictional facts properly averred and conceded. For the averment that the marshal demanded payment under the warrant was superfluous, as the statute is in the alternative and provides for these proceedings in case of the refusal *or neglect* of any person to pay the tax imposed. The question is thus reduced to that suggested at the outset ; can the appellant in these proceedings go behind the return of the marshal and prove its falsity ? We think not. Such a doctrine would be subversive of the entire system provided for the collection of personal taxes, and it could be inaugurated only by over-turning the general rule that the

returns and certificates required of a public officer in the performance of official duty are to be taken in the proceeding in which they are made as of unquestionable verity. (Cooley on Taxation [2d ed.], 260, and cases there cited.)

It will be observed that the marshal is not a party to this proceeding, and that the statute requires the receiver of taxes to proceed against the delinquent upon the marshal's official act, namely, the return of the warrant unsatisfied. (Con. Act, § 559.) Such a return is conclusive evidence, in the proceeding in question, of the jurisdictional fact that the person proceeded against " neglected " to pay the tax imposed upon him and that he had " no goods or chattels in his possession " (§ 857) upon which the same could be levied by distress and sale according to law. The burden of establishing this latter fact by evidence *aliunde* the return of the marshal is nowhere imposed upon the receiver of taxes, and if such burden were imposed upon him, the statute would become a dead letter. A public officer like the receiver of taxes, acting under statutory mandate and seeking to collect taxes for the purposes of government from a vast number of individuals, should certainly not be held to a stricter rule than that which applies to individuals with respect to their private contentions. And yet it is well settled that, although the return of an execution unsatisfied is a necessary prerequisite to the filing of a creditor's bill, such bill cannot be defeated by proof of the existence of personal property which might have been levied upon, unless at least there was collusion between the plaintiff and the sheriff. (*Stoors* v. *Kelsey*, 2 Paige, 418 ; *Meyer* v. *Mohr*, 19 Abb., 299 ; *Balde* v. *Smith*, 5 Ch. Sentinel [N.Y.], § 11.) The remedy in all such cases is by an action against the officer for a false return. But such a remedy is scarcely requisite in cases like the present. For what damage can be done to the person taxed by a false return, even if he has sufficient personal property to pay the tax? He is only asked to pay the tax once, and whether he does this under stress of the warrant or of the order to show cause is immaterial. He can, it is true, be mulcted the costs of contempt proceedings, but that is all. Now the court, under section 861 of the consolidation act, has ample discretion to relieve him from these costs, and while treating the marshal's return as conclusive upon the question of jurisdiction, it would doubtless consider the failure, as matter of

fact, to make a demand or to search for property, upon the question of costs. Indeed, in the present case, upon the broad statements made by Mr. Erlanger in his affidavit, and not denied in any manner, we think he should have been absolved from the costs of these proceedings. The order appealed from should be modified accordingly, so that Mr. Erlanger stand committed until he pay the tax imposed upon him, with lawful interest, but without costs either at Special or General Term.

VAN BRUNT, P. J., and INGRAHAM, J., concurred.

Order modified as mentioned in opinion, and as modified affirmed, but without costs either at Special or General Term.