# DECISIONS

OF THE

# Court of Appeals of Kentucky.

## SEPTEMBER TERM, 1896.

CASE 1—INDICTMENT—OCTOBER 7.

## Cheek v. Commonwealth.

## Same v. Same.

APPEALS FROM FAYETTE CIRCUIT COURT.

1. DISORDERLY HOUSE—HAZARD OR GAME—STATUTORY CONSTRUC-
TION.—To engage in a wager on the result of a horse race is a
"hazard" within the meaning of section 1977 of the Kentucky
Statutes, which provides that any one "who shall engage in any
hazard or game on which money or property is bet, won or lost
shall be subject to a fine;" and one who suffers, procures and
permits divers evil-disposed persons to habitually frequent cer-
tain rooms under his control, and there to remain and habitually
engage in betting, winning and losing money and other property
on horse races, to the common nuisance and annoyance of good
citizens, is guilty of keeping a disorderly house.

MORTON & DARNALL FOR APPELLANT.

1. To be guilty of the offense designated in section 1977 of the Ken-
tucky Statutes one must actually engage in the "game" or be the
active agent in determining the act or acts constituting the "haz-
ard." It is essentially different from the provisions of chapter
47. section 11 of the General Statutes, which embraced persons
"playing or betting at any game or wager."

If, therefore, it was not against the law to bet on horse races,
the appellant was not guilty of keeping a disorderly house.

W. S. TAYLOR FOR APPELLEE.

1. One must not necessarily be engaged in a "game" in order to
"hazard" money or property on the result thereof.

To stand by and risk money or property on a game in which one is not engaged is a "hazard" within the meaning of section 1977 Kentucky Statutes.   (Cheek v. Commonwealth, 79 Ky., 359; Smith v. Commonwealth, 6 B. M., 22; Wilson v. Commonwealth, 12 B. M., 3.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT:

These two indictments charge the appellant with the offense of keeping a disorderly house by suffering, procuring and permitting divers evil-disposed persons to habitually frequent certain rooms under his control, and there to be and remain and habitually engage in betting, winning and losing money and other property on horse races to the common nuisance and annoyance of the good citizens of the Commonwealth, etc.

Demurrers were filed and overruled. A judgment was thereupon rendered for $500 in each case, from which these appeals are prosecuted.

If to engage in betting, winning and losing money and property on horse races is an unlawful act, the rulings of the court on the demurrers are correct. If not such an act then the indictments are insufficient, as it would not be keeping a disorderly house under the terms of the indictment and within the meaning of the law, if persons, however "evil disposed" they might be, were permitted to frequent a house and do only lawful acts.

Is it, therefore, unlawful to bet on a horse race? The statute, supposed to cover the subject, is as follows: "If any person or persons shall engage in any hazard or game on which money or property is bet, won or lost, such person or persons shall be subject to a fine of not

less than $20 nor more than $100." (Section 1977, Kentucky Statutes.)

While a horse race has been held in some of the States to be "a game or gambling device," manifestly the word "game" used in our statute was not meant to embrace such a race, and the sole question to be considered is what is meant by a "hazard."

It seems to us beyond question that to engage in a wager of any kind is a hazard within the meaning of those words as they are used in the statute.

A and B may play a game of cards for amusement, and if C and D stand by and bet on the game the players may be innocent but the bystanders are guilty, not because they engage in the game but because they engage in a hazard on which money is bet.

Those who enter the horses for the race and the riders may be ever so innocent and will be unless they engage in betting on the race, although they actually engage in the race, but the by-stander is guilty without engaging in the race if he engages in the hazard of betting on the result.

Such was the construction of this court of a similar statute in Cheek v. Commonwealth, 79 Ky., 359, and while the language of the former statute is somewhat different from the present one the latter is not less comprehensive.

The judgments must be affirmed.