CITY OF SPRINGFIELD ex rel. SOUTHERN MISSOURI TRUST COMPANY, Appellant, v. J. W. RANSDELL et al.

Division One, July 31, 1924.

1. **SUIT ON SPECIAL TAXBILL**: Without Joining City: Irregularity: Waiver. Notwithstanding the statute says that the contractor, to whom a certified sewer tax bill is delivered, "shall proceed to collect the same by the ordinary process of law, in the name of the city, to his own use," a judgment, rendered in a suit brought by the contractor alone, in his own name, without joining the city as a party, and without objection on the part of the owners of the lot, is not void, but having been rendered without such objection is as unassailable as if the statute had been complied with, and is binding upon the holder of an existing paving tax bill issued against the same lot, although he was not made a party. The failure to join the city as a party was an irregularity, which the owners of the lot could and did waive, and they cannot raise the

question after judgment, neither can the junior-lien holder raise it for them.

2. ———: Judgment and Sale: Right of Junior-Lien Holder to Sue and Redeem. A paving tax bill was issued in 1912 to the contractor, who assigned it to appellant. A district sewer tax bill was issued against the same lot, to a different contractor, in 1913, and suit thereon, to which the appellant was not a party, was brought and judgment was rendered and the lot sold to defendant in 1915. *Held*, that the right of appellant, the owner of the paving tax bill, to have sued on said tax bill prior to the suit on the sewer tax bill and to have enforced his lien against the owners of the lot, by proceeding to judgment and sale thereunder, subject to the lien of the sewer tax bill, cannot be denied, and he had that statutory right in addition to his equitable right to redeem the first lien and then proceed, and the sale in the sewer-tax-bill suit did not affect him, because he was not a party to that suit.

3. ———: ———: ———: Analogous to First and Second Mortgage. The respective rights of owners of successive tax bills is analogous, in principle, to those of junior and senior mortgagees; and in this State the second mortgagee takes subject to the first mortgage, but in case of foreclosure by suit of the first mortgage without making the second mortgagee a party, the latter is unaffected by the sale; and if his mortgage gave him a right to foreclose before foreclosure of the first mortgage and subject to it, he retains that right notwithstanding the sale in the suit to foreclose the first mortgage.

4. ———: Paving Tax Bill: Judgment Upon Later Sewer Tax Bill and Sale: Title: Lien on Lien. Where a paving tax bill was issued, and a year later a district sewer tax bill was issued against the same lot, suit was brought against its owner only, judgment was rendered and the lot sold thereunder, the purchaser bought the lot, and not the lien of the older paving tax bill. The sewer tax bill did not become a lien on the lien of the paving tax bill, but on the land; nor is there any such thing as a lien on a lien.

5. ———: ———: ———: Limitations: Merger. A paving tax bill was issued in 1912 and became a lien on the lot. In 1913 a district sewer tax bill was issued against the same lot, suit was brought upon it and judgment rendered and the lot sold thereunder in 1915, and the right, title and interest of the owner were conveyed to the purchaser. In 1917, three days before the expiration, by lapse of time, of the lien of the paving tax bill, the holder brought this suit thereon. *Held*, that the sewer tax bill and the lien thereof were merged in the judgment and had served their purpose, and the lien of the paving tax bill was subject thereto from the time the judgment was rendered, and the fact that the duration of the

lien of the sewer tax bill had expired when this suit on the paving tax bill was brought did not increase or decrease the validity of the lien of the paving tax bill, or the right of its owner to redeem, but the purchaser at the sale under the judgment on the sewer tax bill acquired the lot—the land itself—and not the lien of the paving tax bill.

6. ————: Senior and Junior Liens: Necessary Parties: Right to Redeem. The owner of an inferior lien is a proper party to a suit to foreclose a superior lien, and a necessary party in case it is sought to affect his rights by the suit. But he is not such an owner that unless he is made a party the suit to foreclose the superior lien cannot proceed against the owner of the legal title. A special tax bill is a lien from its issuance, and if no effort is made in a suit on a sewer tax bill, issued subsequently to a paving tax bill against the same lot, to cut out the paving-tax bill lien, the right of the holder of the paving tax bill to maintain suit thereon is given by statute, and cannot be denied, and his rights, and those of the purchaser under the judgment on the sewer tax bill, are kindred to those of mortgagees under junior and senior mortgages.

---

Headnotes 1, 2 and 5: Municipal Corporations: 1, 28 Cyc. 1226, 1242, 1243; 2, 28 Cyc. 1242, 1247; 5, 28 Cyc. 1242 (1926 Anno), 1248 (1926 Anno). Headnote 3: Mortgages, 27 Cyc. 1167, 1578, 1797; Municipal Corporations, 28 Cyc. 1226 (1926 Anno). Headnote 4: Liens, 25 Cyc. 669; Municipal Corporations, 28 Cyc. 1248 (1926 Anno), 1249. Headnote 6: Liens, 25 Cyc. 684; Municipal Corporations, 28 Cyc. 1198, 1225.

Transferred from Springfield Court of Appeals.

REVERSED AND REMANDED.

*Frank B. Williams* and *John T. Sturgis* for appellant.

(1) The owner or beneficiary of an encumbrance on land, such as a prior mortgage or special tax bill, is an owner of such land and has such interest therein as makes him a necessary party defendant in any proceeding to enforce the superior lien of a subsequent special tax bill, if his lien is to be affected thereby. If he is not made a party and given his day in court, such foreclosure of the superior lien does not affect his rights and the right to redeem from the superior lien remains unimpaired. Sec. 9075, R. S. 1909; Construction Co. v. Ice Rink Co., 242 Mo. 241, 259; Paving Co. v. Realty Co., 199 Mo. App. 226, 246; Stafford v. Kizer, 82 Mo. 393, 399; Gitchell v. Kreid-

ler, 84 Mo. 472, 476; State ex rel. v. Reynolds, 278 Mo. 560; Forrey v. Holmes, 65 Mo. App. 114. This right to redeem may be his sole remedy during the life of the superior lien, but thereafter he may enforce it against the property. (2) A special tax bill is not self-enforcing. Where there are other liens prior in time it gives a right to a superior lien, but it is optional with the owner of the junior special tax bill to assert and enforce it as a superior lien as against the prior encumbrance. To do so, he must make the prior lienholder a party to the foreclosure suit within the period limited by law for enforcing such superior lien. If this is not done, the rights of the prior-lienholder are unimpaired as against the purchaser under the judgment, to which he was not made a party. Paving Co. v. Realty Co., 199 Mo. App. 226; Lumber Co. v. Schafer, 251 Mo. 539, 548; Utah Implement Vehicle Co. v. Bowman, 209 Fed. 942; State ex rel. v. Reynolds, 278 Mo. 560; Missouri Real Estate Co. v. Gibson, 220 S. W. 675; Redlon v. Badger Lumber Co., 194 Mo. App. 650, 654; Hiller v. Schulte, 184 Mo. App. 42, 47. (3) The suit to enforce the sewer tax bill, Spandri v. Crutcher, under which defendant Ransdell claims title free from the prior tax bill now sued on, was demurable on the ground that plaintiff therein had no capacity to maintain the action. Such suit should be brought in the name of the city to the use of the contractor, instead of by the contractor. Sec. 9075, R. S. 1909; Bevier v. Watson, 113 Mo. App. 506; City of California v. Kiesling, 180 S. W. 559. This well illustrates why this plaintiff should have been a party to that suit and had his day in court.

*H. E. Howell* and *Lincoln & Lincoln* for respondents.

(1) The Spandri foreclosure suit was brought correctly, in the name of the contractor alone. Hinerman v. Williams, 224 S. W. 1017. (2) The owner of a special tax bill prior in time to the superior lien of a subsequent tax bill is not a necessary party defendant in any proceeding to enforce the superior lien of that subsequent

tax bill. Missouri Real Estate & Loan Co. v. Gibson, 220 S. W. 675; Keating v. Craig, 73 Mo. 507; Allen v. McCabe, 93 Mo. 138; Stafford v. Fizer, 82 Mo. 393; Gitchell v. Kreider, 84 Mo. 472; Cowell v. Gray, 85 Mo. 169; Kurtz v. Gardner, 51 Pac. (Wash.) 398. (3) The right of the junior lienor to redeem from the senior lienor is limited to a proper proceeding in a court by the junior during the life of his lien, which is five years. Construction Co. v. Ice Rink Co., 242 Mo. 241; Stafford v. Fizer, 82 Mo. 393; Olmstead v. Tarsney, 69 Mo. 400; Jaicks v. Sullivan, 128 Mo. 177; Mumma v. Mumma, 92 Atl. (Pa.) 504. (4) The Spandri sewer tax bill was a lien against the lot in question and superior to that of appellant's tax bill, and defendant Ransdell, at the tax sale thereunder, acquired the legal title, subject only to the right of appellant to bring in the proper time a bill in equity to redeem, and failing so to do cannot maintain this suit at law. Olmstead v. Tarsney, 69 Mo. 396, 400.

JAMES T. BLAIR, P. J.—The Springfield Court of Appeals certified this case because it concluded its opinion conflicted with a decision of the St. Louis Court of Appeals. This is a suit on a paving tax bill.

In 1912, L. F. and M. L. Crutcher owned lot 6, block 5, Fairbanks Addition to the City of Springfield, then a city of the third class. In September of that year the paving tax bill sued on in this case was issued against the lot. No question concerning its validity is raised on this appeal. In October, 1913, a district sewer tax bill was issued to Spandri, the contractor who built the sewer, against the same lot. Appellant does not question the validity of *that* tax bill. Spandri brought suit on his sewer tax bill against the Crutchers and had judgment against them May 18, 1915. He did not make the owner of the paving tax bill, sued on in this case, a party. At the sale, on July 19, 1915, under the Spandri judgment, Ransdell, respondent in this case, bought the "right, title

and interest'' of the Crutchers in the lot.   On September 6, 1917, three days before the expiration of its lien by lapse of time, appellant brought this suit on the paving tax bill.   The Crutchers, who were the former owners of the lot, and Ransdell, who bought at the sale under the judgment on the Spandri sewer tax bill, were made defendants.   The Crutchers disclaimed.

The petition is in the ordinary form in a suit on a tax bill.   It contains no mention or allegation concerning the sewer tax bill or the judgment or sale under it.   In that connection it alleges, merely, that ''defendant owns or claims to own the lands charged with the lien of said tax bill, or some estate or interest therein.''   Judgment is prayed for the amount of the tax bill and interest and for foreclosure of the lien and sale under special execution.   The answer sets up numerous matters, including the sale under the Spandri sewer tax bill.   The reply alleges the Spandri sale was invalid because not brought in the name of the city, and that it did not affect appellant's claim because the owner of the paving tax bill now sued on was not made a party defendant in the Spandri suit.   Prayer for judgment in accordance with the prayer of the petition is renewed in the reply.

The trial court found for respondent.   After the trial court had, on January 23, 1921, announced that his ''finding and judgment was for defendants'' appellant ''moved the court to permit it to amend its petition herein to conform to the evidence already admitted by inserting a prayer for alternative relief, asking the right to redeem the land in question from the Spandri sewer tax bill judgment and sale, in case the court should find and hold said sewer tax bill to be a superior lien to the tax bill sued on, and that the proceedings had in the circuit court, brought by Spandri to foreclose the lien on said sewer tax bill, were valid as against this plaintiff, and the legal effect thereof to be that plaintiff could not recover on the tax bill in suit and have the land sold as against Ransdell to pay the tax bill sued on, which motion'' was overruled, and leave to amend as requested was denied.

Appellant assigns that: (1) the fact that Spandri sued in his own name rendered the petition "demurrable on the ground that plaintiff therein had no capacity to maintain the action," and suggests, in argument, that this rendered the Spandri suit "a nullity and Ransdell got no title;" (2) the failure of Spandri to make appellant, or his predecessor in title, a party to his sewer tax bill suit left the lien of appellant's bill unaffected by the Spandri judgment and sale, and there is no obstacle to the enforcement in this suit of the lien of the paving tax bill to the exclusion of Ransdell and whatever rights he acquired by his purchase under the sale in the Spandri suit on the sewer tax bill; (3) that the court erred in refusing to permit the amendment appellant asked leave to make.

I. It is suggested that because the Spandri suit against the Crutchers was not brought in the name of the city the petition was demurrable, and since Waiver: Suit in Name of City. appellant was not a party to that suit it did not waive the defect in the petition; that, therefore, "there is no waiver and that proceeding is a nullity and Ransdell got no title."

The language of the statute is that the certified bill "shall be delivered to the contractor for the work, who shall proceed to collect the same by the ordinary process of law, in the name of the city, to his own use."

Hinerman v. Williams, 205 Mo. App. 364, cited by respondent, was a suit on a paving bill under a differently worded section not applicable to sewer tax bill suits and not in point. Under the decisions cited by appellant (City of Bevier v. Watson, 113 Mo. App. l. c. 512; City of California v. Kiesling, 180 S. W. l. c. 560), the objection that the suit was brought in the name of the beneficial owner of the tax bill instead of in the name of the city to his use was one which could avail nothing unless made at the proper time in the suit on the tax bill. The judgment in the Spandri case cannot now be assailed for this reason. Whatever would have been its force and effect

305 Mo.—4.

if there had been literal compliance with the statute quoted, such is now its effect with respect to all persons. The Crutchers did not then and could not now raise the question. The judgment was and is good against them. The fact the present appellant as a junior-lien holder was not a party to that suit does not give it a right now to raise this question of procedure which the Crutchers did not raise, but waived. Its present rights depend, not upon the fact that a mere irregularity may have occurred in the proceeding against the Crutchers, but rather upon the fact that it was not a party to the Spandri suit. It seems to appear that counsel is of a like opinion.

II. Appellant concedes that under the decisions (Morey Construction Co. v. Ice Rink Co., 242 Mo. 241; Jaicks v. Oppenheimer, 264 Mo. 693) the Spandri sewer tax bill constituted a lien superior to that of the paving tax bill sued on in this case. It is correct in its position that its right to redeem was not affected by the Spandri judgment and sale, because neither it nor its predecessor in title was a party to the Spandri suit. Its real contention is that though the sewer tax bill was the superior lien, it was optional with its owner whether he would enforce it as a superior lien as against the inferior lien of the paving tax bill sued on in this case; that in order to have so enforced it, it would have been necessary for the owner of the lien of the sewer tax bill to have made "the prior lien holder" (the paving tax bill owner, which bill was prior in date but inferior to the sewer tax bill) "a party to the fore-closure suit *within the period limited by law* for enforc-ing such superior lien" or leave the tax bill owner free to enforce his lien against the whole title without regard to the Spandri sale.

The general rule of law is that one not made party to a suit is not affected by it. The effect of the suit on the sewer tax bill is one of the controversies in this case. This and other courts have treated the respective rights

of owners of liens of successive tax bills as analogous, in principle, to those of junior and senior mortgages. [Corrigan v. Bell, 73 Mo. l. c. 57.]

Unless a different rule is established by statute, a judgment of foreclosure and sale under a first mortgage does not bar a second mortgagee's right to redeem from the purchaser at the first mortgage foreclosure sale, nor does it bar his right to foreclose his mortgage, if such right he had, unless such junior mortgagee is a party to the suit. [Anson v. Anson, 20 Iowa, l. c. 58 et seq; Farwell v. Murphy, 2 Wis. 533; McKernan v. Neff, 43 Ind. l. c. 506; Denton v. Ontario County National Bank, 150 N. Y. l. c. 126, 134; Peabody v. Roberts, 47 Barb. 91; Karl v. Conner, 30 Ky. L. Rep. 238; Catterlin v. Armstrong, 79 Ind. l. c. 521, 525; Holmes v. Bybee, 34 Ind. l. c. 265 (Judgment); Hasselwanet v. McKernan, 50 Ind. l. c. 443; Hosford v. Johnson, 74 Ind. l. c. 481; Catterlin v. Armstrong, 101 Ind. l. c. 264 et seq.; Stewart v. Johnson, 30 Ohio St. l. c. 30, 31; Besser v. Hawthorn, 3 Oregon, l. c. 135 et seq.; Memphis & Little Rock Railroad Co. v. State, 37 Ark. l. c. 643; Walsh v. Ins. Co., 13 Abb. Pr. l. c. 37 et. seq.; Bigelow v. Davol, 62 Hun, l. c. 246 et seq., 69 Hun, l. c. 74; Vanderkemp v. Shelton, 11 Paige, 28; 27 Cyc. 1545.]

This rule is not applied in its full scope in those jurisdictions in which a mortgagee takes legal title by force of his mortgage and in which, as a consequence, a right to redeem is all that is left in the mortgagor. That difference accounts for the difference in rulings. In such circumstances a second mortgage covers only what the mortgagor has left, i. e. a right to redeem. In this and and other states a mortgage conveys no estate in the land, but creates and evidences a lien thereon to secure the debt. Until default the mortgagor retains the legal title subject to the mortgage, and may sell or encumber it as he will, subject, as before, to the mortgage already given. A second mortgagee takes the same *kind* of interest that is taken by a first mortgagee, but takes it subject to the

first mortgage. In case of a foreclosure by suit of the first mortgage without making the second mortgagee a party, the latter is unaffected by the sale; and if his mortgage gave him a right to foreclose *before* foreclosure of the first mortgage and subject to it, he retains that right despite the sale in the suit to foreclose the first mortgage. This is the result of the cases cited and of the general rules to which reference has been made.

The right of the owner of the paving tax bill, sued on in this case, to have sued on his tax bill prior to the Spandri suit and to have enforced, his lien against the interest of the Crutchers by proceeding to judgment and sale of the lot thereunder subject to the lien of the sewer tax bill cannot be denied. He had that statutory right in addition to the equitable right to redeem the first lien and then proceed. The sale in the sewer-tax-bill suit did not affect him, because he was not a party. His right to proceed under the statute is what he is attempting to exercise in this case.

III. It is contended by appellant that it may enforce its tax bill against the whole title, and that Ransdell cannot set up against it any claim under his purchase under the sewer tax bill judgment and sale.

**Lien on Lien: Limitations.**

The argument seems to be that since neither appellant nor its predecessor in title, as owner of the paving tax bill, has been a party to a proceeding to enforce the lien of the sewer tax bill, and since the full statutory time of duration of that lien has now expired, the lien of that tax bill can never be enforced against the owner of the paving tax bill here in suit; that Ransdell, as against appellant, is attempting to set up that lien and, for the reason stated, that attempt must fail. If this is the law, an easy way for many junior liens to become senior liens, despite sales under the original senior liens, has been found. This argument proceeds on the assumption that the sewer tax bill was a *lien on the lien* of the paving tax

bill and was required to be enforced directly against it, as such, during the statutory period or no right such as Ransdell claims could be asserted against one claiming under the paving tax bill. The sewer tax bill was not a lien on the lien of the paving tax bill. It was a lien on the land. A sale under the proceedings on the sewer tax bill could not have included a *sale* of the paving tax bill. If appellant had been a party its lien could not have been sold. At most the *land* could have been sold in a proper proceeding, free of both liens, and the proceeds applied to discharge them both as far as the proceeds would go. The sewer tax bill lien was alive when the Spandri suit was begun. The judgment covered and the sale passed to Ransdell the interest of the Crutchers. As a lien the sewer tax bill had then served its full purpose. Appellant's lien was subject to the lien of the sewer tax bill. Whether it might raise this question more successfully if the sewer tax bill lien had expired before suit by Spandri was begun, is not a question in this case. A kindred question has been raised in other jurisdictions. In Gault v. Equitable Trust Co., 100 Ky. l. c. 582, it is said:

"Nearly ten years after the appellee took possession of the property this action was brought by appellants setting up their junior mortgage, and, among other things, they plead that the bonds executed by Hair were bills of exchange, and their recovery barred by Statute of Limitations. They do not plead that the statute barred them at the time the suit was filed by the appellee against Hair to recover judgment thereon and enforce the mortgage lien. 'Counsel for appellants insist that, although appellee obtained judgment on its debt, and had the mortgagor's equity of redemption sold to pay it, still the appellants can plead the Statute of Limitations against the mortgage debt which was merged in the judgment debt, and all of the mortgagor's interest in the property sold to pay it. Some cases are cited which counsel claims support his contention. We have examined the cases, and are of the opinion that none of them sustain this view.

If any court had delivered such an opinion we would not follow it because, in our opinion, to do so would be to follow a rule which had for its foundation neither reason nor justice.''

In that case the court quoted from Sanger v. Nightingale, 122 U. S. 1. c. 185, 186, where it is said:

''The mortgagee of real estate in Georgia does not take the title to the property. The mortgage is only a security for the debt for which it is made. The title remains in the mortgagor. The cases in that State, as already intimated, go no further than to hold that a purchaser of the legal title, or possibly a mortgagee in possession, may, when sued, plead the Statute of Limitations as a defense to a prior debt, or mortgage, or incumbrance, made by the holder of the legal title.

''In the case before us Sanger never had the possession, never had the legal title, and, as he was no party to the foreclosure proceedings, which he now contests, he simply stands upon such rights as his mortgage lien gives him against Nightingale. It is difficult to see from what standpoint he, in this suit, in which he is complainant, seeking to foreclose his own mortgage, can set up the Statute of Limitations, not as a defense, for he is not sued and nobody is troubling him about his claim, but as a positive weapon to set aside and annul in this collateral proceeding the decree of a court of competent jurisdiction, with proper parties before it, which foreclosed a mortgage prior in time and equal in equity to his, under which the property was sold and passed into other hands. Certainly the court which rendered that decree had jurisdiction of the property and of Nightingale, the defendant, who was in possession, and who had legal title. It is equally as certain that whether Nightingale ought to have pleaded the statute or not, he did not do so, and it is now too late to set it up as a defense to that suit. If Nightingale himself had made the plea, it is difficult to perceive how he could have avoided the effect of part payment by the transfer of Dunginess and

an acknowledgment of the debt by the settlement under which it was adjusted at $51,250, as a sufficient answer to the plea of the Statute of Limitations. We suppose, though no authorities are cited on the subject, that the law of Georgia, like that of other states, admits of such evidence as payment, acknowledgment of the debt, and agreement to pay, as being a sufficient reply to the Statute of Limitations. How Nightingale could have pleaded the statute successfully under such circumstances we do not see. In short, we see no way, in accordance with any known principles of dealing with the Statute of Limitations, that the plaintiff can, in this collateral proceeding, make use of the statute as a positive weapon of attack to set aside a decree rendered by a court of competent jurisdiction, with proper parties before it, under which the title has passed by a judicial sale to third persons.''

The sale under the Spandri judgment did not increase appellant's right. Whatever they were, they are now the same and no more. Its lien is now subject to the rights acquired under the sale under the judgment foreclosing the lien of the sewer tax bill, just as its lien, before the sale, was subject to the lien of the sewer tax bill. Respondent's rights acquired by his purchase can no more be ignored now than before the sale, and final relief secured by appellant cannot be such as to destroy Ransdell's rights. The analogy to mortgage liens under like circumstances still remains.

IV. In view of some arguments made it is proper to say that the owner of an inferior or junior lien (in right) is always a proper party to a suit to foreclose a superior lien and a *necessary* party in case it is sought to affect his rights by the suit. He is not such an owner, if sued alone, as to give jurisdiction to proceed with such a foreclosure. [Missouri Real Estate & Loan Co. v. Gibson, 282 Mo. 75.] Nor is he such an owner that unless he is made a party the suit to foreclose the superior lien cannot proceed against the owner of the legal title. The

varying definitions of the word "owner" can be examined in cases collected in a note appended to Texas Bank & Trust Co. v. Smith, 108 Tex. 265, as reported in 2 A. L. R. 771, 778. The cases cited which deal with the enforcement of mechanic's liens are put upon the ground that no lien exists until notice has been given and suit brought within a stated time. Whatever view is taken of the principle of these decisions, they are distinguishable from this case. The tax bill is a lien from its issuance. In Granite Bituminous Paving Co. v. Parkview Realty & Improvement Co., 199 Mo. App. 226, the suit was on the tax bill. It was sought to bring in the owner of an inferior tax lien after the lien would have expired had no suit been brought. The purpose of bringing in this second-lien holder was to foreclose and sell the whole title and bar its lien. It was held this could not be done. That is not this case. There was no effort in the sewer-tax bill suit to foreclose the lien of that tax bill so as to cut out the paving-tax bill lien. The case is not in point in this case. The right of appellant to maintain this suit is given by the statute. That right cannot be denied. His rights and those of respondent after judgment, if judgment is for appellant, and after the sale under the judgment, if one is had, will appear from what has been said and, by analogy, from rules applicable in cases of senior and junior mortgages in like circumstances.

V. Appellant's proffered amendment was conditionally made. In view of what has been written the condition has not arisen. Further, because of the character of its rights after judgment in this case, if it recovers judgment, the question whether the court ought to have permitted the amendment as requested is not important.

Amendment
After Judgment.

The judgment is reversed and the cause remanded. All concur.