## Gossett v. Commonwealth.

(Decided Nov. 4, 1937.)

R. C. TARTAR for appellant.

HUBERT MEREDITH. Attorney ·General, for the Commonwealth.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—Reversing.

The grand jury of Pulaski county, Ky., returned an indictment against the appellant charging him with unlawfully keeping and maintaining a common nuisance in a certain roadhouse and outbuilding at a place where he was engaged in business on a highway in Pulaski county, by selling whisky, beer, and other intoxicants, and by suffering and permitting people to congregate in and about his place of business and suffering them to curse and swear, fight and offer to fight, and become drunk and intoxicated, and by suffering men and women of ill fame and name to congregate in and about his place of business and engage in lewd, lascivious conduct and otherwise misbehave. He was tried and convicted and fined $50. He has filed the record with the clerk of this court together with a motion for an appeal as provided in sections 347 and 348 of our Criminal Code of Practice.

For a reversal of the judgment, appellant assigns and relies upon various alleged errors, chief of which is that the evidence was insufficient to take the case to the

jury and that the court erred in failing to sustain his motion to peremptorily instruct the jury to find him not guilty.

Ralph Gann was introduced as a witness for the Commonwealth and testified that he had been at appellant's place of business in the daytime and at night and that appellant was engaged in selling groceries and had a phonograph in his place of business and he (the witness) had seen people there, men and women, and saw them dancing. But he saw no indecent conduct on the part of anyone; the dancing was orderly and so far as he observed no one was intoxicated; he heard no profane or other bad language used and saw no one drinking there and saw no whisky or beer in or about appellant's place of business. It is disclosed by the evidence that two boys had a fist fight between appellant's place of business and the public road but it is not shown that appellant knew anything about it or that the fight resulted from any misconduct or wrong on the part of appellant. Appellant was not present nor did not see the fight, but when informed of it he called the sheriff. In response to the call the sheriff went to appellant's place of business but the two boys who had had the fight were not there and the sheriff testified that he saw nothing disorderly about appellant's place of business. The sheriff further testified that he had been at appellant's place of business a number of times and had passed there and could see from the road into appellant's place of business, and had seen people dancing; but, he saw nothing out of the ordinary and so far as he observed all the people congregated there were sober and he saw no disorderly conduct on the part of anyone. The sheriff was asked about the reputation of appellant's place of business, and he said he could not qualify as a reputation witness, indicating that he had heard no complaint of any misconduct about appellant's place of business. Briefly stated, the sheriff's evidence tended to show that appellant's business was run in an orderly manner. A number of other witnesses were called for the Commonwealth but all of their testimony was in accord with that of the witness Gann and the sheriff of the county, as we have indicated above. There is some evidence to the effect that some whisky was found in an outhouse at the back of appellant's place of business, but the house was not rented by appellant nor under his control, and when the sheriff found the whisky another man and

woman were in charge of it and the man claimed the whisky and was tried and fined in the county court for possessing the whisky, and there is no evidence of any witness tending to connect appellant with the whisky in any way or manner.

In Cheek v. Commonwealth, 100 Ky. 1, 37 S. W. 152, 18 Ky. Law Rep. 515, the court held that it would not be keeping a disorderly house under the terms of the indictment and within the naming of the law, if persons, however evil disposed they might me, were permitted to frequent a house and do only lawful acts. In Howard v. Commonwealth, 267 Ky. 315, 102 S. W. (2d) 32, the facts are similar to those disclosed in the present case, and it was held in that case that the court should have directed the acquittal of the accused.

There being a total failure of evidence to sustain a single allegation of the indictment, it follows that the court erred in failing to sustain appellant's motion to peremptorily instruct the jury to find him not guilty.

The motion for an appeal is sustained, appeal granted, and the judgment reversed, and remanded for proceedings consistent with this opinion.