People ex rel. Carleton agt. Assessors of New York.

## SUPREME COURT.

The People, &c., *ex rel.* George W. Carleton agt. The Board of Assessors of the City of New York.

*Closing of Bloomingdale road — application for mandamus — effect of affidavits upon knowledge and denials in affidavits.*

Positive allegations in moving affidavits are not put in issue by denials upon or for want of information in answering affidavits.

The board of assessors of the city of New York is authorized and directed to estimate the damage sustained by owners of property by reason of the closing of streets and roads by the Central Park Commissioners.

Upon an application for a mandamus, if the substantial allegations in the moving affidavits are not fully met or avoided in the answering affidavits, a peremptory writ should be granted in the first instance.

*General Term, First Department, January,* 1876.

*Before* Davis, *P. J.,* Daniels *and* Brady, *JJ.*

The relator is the owner of premises fronting on Bloomingdale road, between One Hundred and One Hundred and First streets in the city of New York, which road was closed by the Central park commissioners under chapter 697 of the Laws 1867. The board of assessors having refused to allow him the damages sustained by such closing, application was made for a peremptory writ of mandamus to compel the board to act. The special term granted the application, and from that order this appeal is taken.

*William C. Whitney,* counsel to the corporation, and *I. A. Beall,* for appellants.

*James A. Deering,* for respondent

DANIELS, J. — By chapter 697 of the Laws of 1867, the board of commissioners of the Central park were empowered to lay out and close streets, avenues, roads and public squares or places within a particularly designated and described district of the city of New York, adjacent to and surrounding the park. This district included territory forming part of what was called the Bloomingdale road upon which the applicant claimed that he owned property which was injured by the action of the commissioners in closing that road. He swore positively to his title to the property, and his statements upon that subject were not otherwise denied than by an answer of the board, verified by one of its members, denying knowledge or information sufficient to form a belief whether such statements were true. That form of denial for the purpose of meeting the averments of a positive affidavit upon a special motion, really amounts to nothing. The Code has allowed it in an answer or reply in forming issues of fact by way of pleading, but it has not been sanctioned or allowed for any other purpose. The applicant's affidavit may very well be literally true, and, at the same time, the person verifying the answer may have had no knowledge or information whatever upon the subject. For that reason the answer does not tend to discredit the statements made in the affidavit, and it must therefore be taken to be presumptively correct as to the applicant's title.

His affidavit is not so positive as to the existence of the Bloomingdale road in front of his premises. The statements are made upon his information and belief, that it was laid out over 100 years ago, and that it was afterward kept open and continued as a public highway of the city of New York, to and including the year 1867. But the uncertainty of this statement was so far fortified by legislative acts, recognizing the existence of the road, as to render it entirely worthy of reliance. Both together left no doubt as to that fact (*Laws* 1864, *pp.* 942, 943; *Laws of* 1838, *chap.* 223, *sec.* 3). How it first became a public road does not clearly appear in this case, but

that it was one when the act of 1867 was passed, seems to be reasonably free from substantial dispute, and that is was closed by the action of the Central park commissioners so far as it passed the applicant's premises was admitted by the assessors.

The applicant stated positively in his affidavit that closing the road had depreciated the value of his premises, and the answer of the assessors was that neither of them had any knowledge or information sufficient to form a belief that such was the fact. This denial, as already stated, in no way impaired the effect of the applicant's positive statement as to the fact. As matter of mere evidence, the circumstance that one person does not know or is not informed concerning a fact positively affirmed by another, is too slight in its effect to present even a conflict between their statements. It has been allowed in pleading to create an issue upon matters not in a condition to be conceded as true, but not by way of proof for the purpose of discrediting direct and positive evidence.

The facts established were sufficient to render it reasonably probable that the applicant had a well-founded claim for some compensation for damages created by the closing of the road, and that was sufficient to entitle him to have a hearing before the board of assessors.

The act of 1867 provides that damages shall be awarded to persons whose property may be injured by the commissioners' action under it in closing streets, avenues or roads (*Laws of 1867, 1750*), and that they shall be ascertained and paid in the manner specified by sections 3 and 4 of an act passed in 1852 (*Laws of 1852, p. 47, chap. 52, secs. 3, 4*).

It was not necessary to entitle the applicant to a hearing that it should be conclusively shown in the first instance that an award must be made in his favor by the board of assessors. A presumptive case was enough to secure the success of his application for the writ. Upon the hearing he may wholly or partially fail to support his claim. If he should, the board has complete authority so to decide. Its duty is to hear the case as it may be presented. If it shall not be satis-

factorily sustained by the proof he may offer, then it will be equally its duty to reject or reduce it, as the case made may seem to require. He was entitled to have the claim, made by him, heard by the board. That was erroneously denied when it was applied for, and the order made should be affirmed with ten dollars costs besides disbursements.

DAVIS, P. J., and BRADY, J., concurred.