# Cases

### DETERMINED IN THE

# FIRST DEPARTMENT

#### AT

## GENERAL TERM,

### January, 1890.

---

In the Matter of the Application of JOHN SULLIVAN for a Writ of Mandamus Against THOMAS F. GILROY, Commissioner of Public Works of the City of New York.

*Right of veteran soldiers and sailors to enforce chapter 464 of 1887 by mandamus — the act does not limit the employment to business positions — it is constitutional.*

Chapter 464 of the Laws of 1887 constitutes a legislative command directed to the heads of departments of municipal corporations, requiring the performance of a particular duty in a particular manner relative to the employment of honorably discharged Union soldiers and sailors in preference to others.

The duty is a public one; and individuals, who have a clear right to a preference under the provisions of the statute, have a right to apply for a writ of *mandamus* to secure and enforce their rights.

The act is sufficiently comprehensive to embrace ordinary laborers, and the use of the words "business capacity necessary to discharge the duties of the position involved" does not limit the employment of veterans to business positions.

The act is free from constitutional objections. It does not abridge rights guaranteed by the Constitution, nor does it discriminate as to eligibility to or qualification for office, as the legislature may lawfully provide for the doing of public work in such manner and with such agencies as it deems proper.

Appeal by Thomas F. Gilroy, Commissioner of Public Works of the city of New York, from an order made at a Special Term held in the city of New York on July 23, 1889, requiring and commanding the said Thomas F. Gilroy, as Commissioner of Public Works, to reinstate, within two days after the service upon him of

the peremptory writ of *mandamus* directed to be issued thereby, the relator, John Sullivan, a laborer, in the repairing and repaving of streets, from which the said Gilroy had removed him on the 29th day of May, 1889, in violation of chapter 464 of the Laws of 1887.

*Thomas P. Wickes*, for the appellant.

*Jeroloman & Arrowsmith*, for the respondent.

BARRETT, J.:

We concur in the views expressed by Mr. Justice ANDREWS at Special Term. It will be unnecessary to repeat the principal statements of fact and law contained in his careful opinion. The only doubt which we entertained upon the argument was as to the remedy.

Upon that head two views of the statute (Laws 1887, chap. 464) may be taken. In one view, the act is simply a general instruction to public officials, which can only be enforced by discipline or punishment; in the other a specific duty is imposed, and a specific right conferred upon individuals. Upon full consideration the latter view seems more in consonance with the legislative intent. It is impossible to read this act without a realizing sense of the legislative determination to secure to " honorably discharged Union soldiers and sailors," the contemplated preferment. All public officials " are charged with the faithful compliance with its terms, both in letter and spirit," and a failure therein is declared to be a misdemeanor. The veterans are not to be deemed disqualified by age, loss of limb or other physical impairment " provided they possess the business capacity necessary to discharge the duties of the position involved."

This amounts substantially to a legislative command, directed to the heads of departments, requiring the performance of a particular duty in a particular manner; and it brings the case within one of the principles peculiarly applicable to *mandamus*. The duty is a public one, and individuals who have a clear right to its performance are without adequate remedy at law to secure such performance or to enforce their right. It cannnot be that the legislature, after making such minute and rigid provisions as to the right, meant to leave the objects of their very special consideration without a direct

remedy for the practical enforcement of such right. It stands to reason that the application of ordinary remedies against derelict officials will not suffice adequately to enforce this law, as it is required to be enforced both "in letter and spirit."

Take the present instance. No one doubts Mr. Gilroy's good faith in the construction which he has placed upon the act. He could neither be removed nor indicted upon the facts presented by this application, yet he erred to the detriment of the relator. Even if a different case had been presented, a case, let us suppose, of willful evasion, of what avail would the punishment of the official be to the suffering, and perhaps hungry, veteran? The legislature has guaranteed employment to the capable veteran where there is need of service, and the courts should treat that guarantee as vital, and as importing an active right to be enforced in favor of the individuals embraced within the class, in the same broad and untechnical spirit as that imposed by the act itself upon the officials charged with its execution.

The facts are not in dispute. It is true that Mr. Gilroy in his opposing affidavit says that he has "no knowledge or information sufficient to form a belief whether John Sullivan is an honorably discharged soldier, having served as such in the Union army during the war of the rebellion." This, however, is no answer to the following facts stated in Sullivan's affidavit, and nowhere denied:

"I further say that I am an honorably discharged Union soldier of the late war, having enlisted in Company 'F' of the Sixty-ninth New York Regiment of Infantry Volunteers, on September 25, 1862, for three years, and was discharged after the close of the war, on July 15, 1865, and that I am a member of Michael Corcoran Post 427, and a comrade in good standing."

"I further say that one Mr. Blauvelt, connected with the Water Purveyor's Bureau, in the Department of Public Works, was designated, by direction and authority of the Commissioner of Public Works, as I am informed and believe, to make a list of all persons in the employ of the said Department, in any way connected with or under the supervision of the Water Purveyor's Bureau, who were honorably discharged Union soldiers and sailors of the late war, *and that I produced my discharge to said Blauvelt, who directed one Tyler to make a memorandum of my enlistment and discharge, which he did*

*in my presence, and placed my name upon the list of honorably discharged Union soldiers in the Department.*"

The material fact is that Sullivan is an honorably discharged soldier. This is clearly sworn to, and the facts with regard to it are stated in detail. The respondent below neither denied the fact nor controverted the proof of the fact. The veteran's right to preferment depends upon the fact, not upon the official's willingness or unwillingness to credit the fact. In *The People ex rel. Carleton* v. *Board of Assessment* (52 How. Pr., 140) it was distinctly held by this General Term that Mr. Gilroy's form of denial was unauthorized, and that it really amounted to nothing. This is conceded in the appellant's points, the denial being supported only upon the contention that the Commissioner's *knowledge or information sufficient to form a belief* is the material fact to be proved in a case like the present, a contention which we conceive to be entirely inadmissible. The true rule is, as was said in *The People ex rel. McMackin* v. *Board of Police* (107 N. Y., 236), that, to justify the withholding of the peremptory writ, there must be "an honest dispute as to material facts to be determined." Clearly there is no such dispute in this opposing affidavit. (See, also, *Matter of Petition of N. Y., L. and W. R. R. Co.*, 99 N. Y., 12, and *R., W. and O. R. R. Co.* v. *City of Rochester*, 46 Hun, 149.)

We also think that the act is sufficiently comprehensive to embrace ordinary laborers. There are no words of limitation, and we fail to see in the expression "employment upon all public works of the State of New York, and of the cities, towns and villages thereof" anything to justify the idea of exclusion by implication. It would be strange if "employment upon the public works" did not include the workers who do most of the work. The opposite construction is contended for because of the use in the proviso of the words "*business* capacity necessary to discharge the duties of *the position involved.*"

We do not think that this proviso had the effect of limiting the employment of veterans to *business* positions. The purpose is rather to qualify them for such positions when, in spite of "age, loss of limb or other physical impairment," sufficient capacity exists to discharge the duties.

It would be absurd to say that age, loss of limb or other physical

impairment should not be deemed to disqualify for duties requiring health, strength and stout arms.   Clearly what was meant was that physical incapacity, compatible with the due performance of non-physicial duties, should not disqualify for non-physical employments.

Lastly, we think that the constitutionality of this act is reasonably free from doubt.   It does not seek to abridge rights guaranteed by the Constitution.   It does not discriminate as to eligibility to or qualification for office.   It simply regulates the agencies for service upon the public works of the municipality.   We suppose that this entire subject is under legislative control.   The legislature may lawfully provide for the doing of public work in such manner and with such agencies as it deems proper.   And we know of no provision of the Constitution which confers upon any citizen a right to appointment or employment upon such work or which limits the legislative choice as to the appropriate means of performance.

Finally, the *mandamus* will be precise and effective.   The papers show that there is work to be done, and that to do it others have been really preferred over the relator.   This is the truth, however the act may be colored.   The scheme of the statute cannot thus be reversed, and the course adopted in the department should not be permitted.   With questions of original preferment, where others than the veterans are already employed, we have nothing at present to do.   The relator here had already secured his preferment.

Upon evidence satisfactory to an agent of the present commissioner or of his predecessor, Sullivan's name had been placed upon the list of honorably discharged Union soldiers in the department. Without questioning this fact, the relator was summarily deprived of his vested preferment.   That preferment should be restored to him as summarily as it was taken away.

The order appealed from should, therefore, be affirmed, with costs.

Van Brunt, P. J., and Bartlett, J., concurred.

Order affirmed, with costs.