THE PEOPLE OF THE STATE OF NEW YORK ex rel.
GEORGE UHRIE, Respondent, v. THOMAS F. GILROY,
Commissioner of Public Works of the City of New York,
Appellant.

*Employment of honorably discharged soldiers — what is an employment on a "public
work" — a peremptory writ must not vary from the alternative writ of mandamus —
chap. 464, Laws of 1887.*

Section 1 of chapter 464 of the Laws of 1887 gives a preference in employment to
    honorably discharged Union soldiers "in every public department and upon all
    public works of the State of New York and of the cities, towns and villages
    thereof."

Such a soldier was by a written notice appointed by the acting commissioner of
    public works of the city of New York inspector on the work of laying mains of
    the Standard Gas-light Company in said city, which notice stated that the
    appointee would be paid by said company. He was subsequently discharged.

*Held,* that the appointee was not employed in the general service of the "Depart-
    ment of Public Works;" that his employment was limited to a particular pur-
    pose and to a special work; that the statute did not require, in such a case, that
    the appointee should receive continuous employment in the department after the
    special purpose for which he was employed had ended, and that the commis-
    sioner was not required to retain him.

A peremptory writ must follow the terms of the alternative writ of *mandamus;*
    and where an alternative writ requires the defendant to reinstate the relator
    "to the position of inspector of gas mains in your (the defendant's) depart-
    ment," while the peremptory writ requires said defendant to reinstate the
    relator "to the position of inspector on the work of laying mains or service
    pipes by the Standard Gas-light Company in the city of New York, if said work
    of laying mains or service pipes by the said company is still being done or to be
    done," the variance is fatal.

Appeal by the defendant Thomas F. Gilroy, Commissioner of
Public Works of the city of New York, from an order entered in
the clerk's office of the county of New York on the 7th day of May,
1891, directing that a peremptory writ of *mandamus* issue, directed
to said Gilroy as such commissioner, requiring him to reinstate the
relator, George Uhrie, to the position of inspector on the work of
laying mains or service pipes by the Standard Gas-light Company
in the city of New York, if said work of laying mains or service pipes
by the said company is still being done or to be done.

*Wm. H. Clark*, corporation counsel, and *Edward H. Hawke, Jr.*, for the appellant.

*Louis J. Grant*, for the respondent.

PATTERSON, J.:

This is an appeal by the commissioner of public works of the city of New York from an order directing that a peremptory writ of *mandamus* issue to reinstate the relator "to the position of inspector on the work of laying mains or service pipes by the Standard Gas-light Company, if said work of laying mains or service pipes by the said company is still being done or to be done." The order was entered after a trial had on the return of an alternative writ issued in November, 1889, by which the respondent was required, immediately on receipt of that writ, to reinstate the relator "to the position of inspector of gas mains in your Department, from which he was dismissed on January 26, 1889, or that you show cause why the command of this writ should not be obeyed," etc. By consent of parties the jury was discharged from the consideration of the case, and the judge decided in favor of the relator, and subsequently; on the presentation of the record to the Special Term, the order now under examination was made.

The material facts developed on the trial are the following, viz.: The relator is an honorably discharged veteran of the War of the Rebellion; on May 1, 1888, he received an appointment, in writing, from the then acting commissioner of public works, as follows, viz.: "You are hereby appointed inspector *on the work* of laying mains of the *Standard Gas-light Company, by whom you will be paid*, at the rate of $100 per month." On January 26, 1889, he was relieved from service by the following notice, in writing: "You are hereby notified that your services as inspector on the work of the Standard Gas-light Company will not be required after this date."

It will thus be seen that the employment of the relator was limited to a particular purpose and in connection with a special work. He was not taken into the service of the department of public works as a general employee to be assigned to duty anywhere or on any work as an inspector, but his employment was restricted to one particular thing, and no obligation rested upon the respondent to pay him a dollar or vary or transfer his service in any way.

If he were a general employee as inspector, as the alternative. writ assumes, he would come within the preference given by the act of 1887 (nothing is claimed under chapter 119 of the. Laws of 1888), but on the cessation of the work in connection with which he was first employed he could not have insisted upon being retained to do other work. He had no right to continuous employment by the department when the special purpose of his appointment ended. There was neither an actual contract nor a presumed intention that such should be the case. The work of laying the mains of the Standard Gas-light Company stopped in November, 1888, and then the relator was transferred to other work of inspecting the house service connections of that company; but that bound neither the city nor the company to keep him in that position. He was not supplanted to make way for a person not a veteran, but on his removal one already in the general service of the department. was designated to do that work. There was nothing in the appointment which required his retention; he could not be put on the payroll of the department, for the city was under no obligation to him, and because he was allowed to do other work for a limited time for the Standard Company he did not acquire a vested right to do that other work continuously. The case of *Matter of Sullivan* (55 Hun, 285), on which the relator mainly relies, has no application whatever. It differs *toto cœlo* from this. Sullivan was a laborer engaged by the department of public works and paid by the city, and was not merely designated by the department and paid by a private corporation, as is the situation here. He was engaged in the public work.

There is still another reason why the order cannot be maintained. There is a fatal variance between the alternative and the peremptory writs. By the former the respondent was directed to restore the relator to a specific position as an employee of the department. The peremptory writ requires reinstatement as an inspector of special work, *provided it remains to be done*. It is a rule of law that the peremptory must follow the alternative writ (*People* v. *Supervisors of Dutchess*, 1 Hill, 50), although, in *People ex rel. Green* v. *Dutchess and Columbia Railroad Company* (58 N. Y., 152), where the authorities are examined, the broad statements of the text-writers are limited. What the relator demanded, and what was clearly set forth in his petition, and that

upon which issue was joined, related to his general employment by the department as an inspector. His affidavit recites: "That on May 3, 1888, deponent was duly employed in the Department of Public Works of the City of New York to serve as an inspector of gas-mains, and served in such capacity until," etc. The answering affidavit of the commissioner sets forth that he did not discharge the relator from any position in the department as he was, not an employee of the department, etc., and then states the exact status of the relator as to the work. We think, the facts being clearly proven, the respondent was entitled to a dismissal of the writ, for the relator could not have accorded to him what he claimed. The peremptory writ gives him something radically different, and we cannot on a *mandamus* proceeding render judgment in favor of both parties.

The order must be reversed, with costs.

VAN BRUNT, P. J., and BARRETT, J., concurred.

Order reversed, with costs.