### SIMMONS *v.* CRAIG *et al.*

*(Supreme Court, General Term, First Department. December 31, 1891.)*

REVIVAL—SUBSTITUTION OF REPRESENTATIVE—SUFFICIENCY OF AFFIDAVIT.

> An affidavit, on a motion to revive an action in the name of a personal representative, showing the admission of decedent's will to probate, and the issuance of letters testamentary thereon to plaintiff, is not controverted by defendant's affidavit, denying knowledge or information of such matters sufficient to form a belief, nor by his allegation that he had no such knowledge or information.

Appeal from special term, New York county.

Action by Maria W. Croome against Daniel H. Craig and Helena Craig. From an order reviving the action in the name of Eliza A. Simmons, as executrix of Maria W. Croome, who died pending the action, and from a judgment for the substituted plaintiff, defendants appeal. Affirmed. For former report, see 6 N. Y. Supp. 136.

Argued before VAN BRUNT, P. J., and DANIELS and BARRETT, JJ.

*E. Haines*, for appellants.    *Alan D. Kenyon*, for respondent.

BARRETT, J. The only question in this case which has not been disposed of by a satisfactory opinion at special term is as to the right of revivor. The interlocutory judgment is supported by an opinion filed by the learned judge who tried the case, in which we concur. By that judgment it was referred to Augustus C. Brown, Esq., to take an account, and to ascertain and report certain facts. The report of the learned referee upon which the final judgment appealed from was entered is also supported by a full and careful opinion, in which we concur. We think the results arrived at are entirely just, and that the conclusions of the court and the referee should not be disturbed. We have no doubt that the order continuing the action was properly made. It was in precise accord with section 757 of the Code of Civil Procedure, and with the rule laid down in *Coit* v. *Campbell*, 82 N. Y. 509. The affidavit of Mr. Kenyon sufficiently established the admission of Maria W. Croome's will to probate, and the issuing to the plaintiff of original and ancillary letters testamentary thereon. The affidavit on this head was not met by Mr. Craig's denial of knowledge or information sufficient to form a belief, nor by his alle-

gation that he had no such knowledge or information.    This form of denial, as has been repeatedly held, is only admissible in a pleading such as an answer to a complaint or a reply to a counter-claim.    Where an affidavit on a motion asserts a fact positively, it can only be controverted by an equally positive denial, or by stating facts, upon the affiant's knowledge, tending to disprove the facts asserted.    *Sullivan* v. *Gilroy,* (Sup.) 8 N. Y. Supp. 401, and cases there cited.    And, further, the facts so testified to by Mr. Kenyon are fully set forth in the statement furnished, pursuant to the rules, and are also referred to at the commencement of the proceedings before the referee.    The action having been thus continued, it was proper to enter judgment in the name of the person who then became plaintiff on the record.    Section 763, referring to the entry of judgment in the names of the original parties, where the death occurs after the interlocutory, and before final, judgment, refers only to cases where there has been no revivor or continuance under section 757.    The judgments, interlocutory and final, and the order continuing the action, should be affirmed, with costs.    All concur.