## CANE v. MAYOR, ETC., OF CITY OF NEW YORK.

(Superior Court of New York City, Trial Term.  January 17, 1893.)

N. A. Alexander, for the motion.
F. M. Scott, opposed.

McADAM, J.  The technical rule declared by the court of appeals in the Gregory (21 N. E. 119) and kindred cases, that a "suspended" official has not been "discharged," and may recover the salary attached to the office, is based on the theory that suspension creates no vacancy in the office, which may be filled by another, and hence that salary, which is an incident of the office, belongs to the legal incumbent, and may be recovered by him, although he may have been temporarily suspended.  An official or person holding an office receives the salary belonging to it while he holds the position.  It depends upon holding title to the office, rather than the amount of labor he performs.  But, in the case of a per diem employé, the compensation is in the nature of wages, which are payable for services actually rendered.  Salary and wages are in their legal application recognized as independent and distinct terms. "Salary" has been defined to mean "annual or periodical recompense or pay," and "wages" as a "compensation given to a hired person for services rendered."  Webst. Dict.  In ordinary language, the term "wages" is applied to designate the sums paid to persons hired to perform manual labor; while the phrase "salary" applies to those holding official station.  Worcest. Dict.  See, also, Sullivan v. Gilroy, 55 Hun, 285, 8 N. Y. Supp. 401; Gordon v. Jennings, 9 Q. B. Div. 45.  The plaintiff was a per diem employé.  He needed no formal discharge to terminate his employment.  It terminated by the very terms of the contract, at the end of each day's actual service; and, unless permitted to resume work, he was by that circumstance, if no other, effectually discharged then and there.  The plaintiff had no right of action.  His complaint was properly dismissed, and the motion for a new trial must be denied, but without costs; sixty days' stay of execution, and sixty days to make a case; time to commence after service of notice of entry of judgment.