·(15 App. Div. 594.)

McCLOSKEY v. WILLIS, Commissioner of City Works.

(Supreme Court, Appellate Division, Second Department. April 13, 1897.)

·OFFICERS—REMOVAL—VETERANS.
  An alternative writ of mandamus will be granted to compel the rein-
  statement of a veteran soldier as foreman of a "repair gang" on street
  work, from which he had been removed on the ground that the work of
  street repairs had been discontinued, where it is claimed that respondent
  had retained in the same employment others, not veterans, by transferring
  them to "connection gangs," the duties of which are alleged to be the same
  as those of the repair gangs, while respondent claims that the duties of the
  repair gangs and the connection gangs are different.

Appeal from special term, Kings county.

Application by James McCloskey for a writ of mandamus to
compel Theodore B. Willis, commissioner of city works of the city
of Brooklyn, to reinstate relator in the position of foreman of a
repair gang, from which he had been removed. From an order
denying the application, relator appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT,
HATCH, and BRADLEY, JJ.

Charles H. Hyde, for appellant.
William G. Cooke, for respondent.

WILLARD BARTLETT, J. A peremptory writ of mandamus
was properly refused in this case, but I think that an alternative
writ should have been granted. The proceeding was instituted to
compel the commissioner of city works to give the appellant the
preference to which he claims to be entitled as a Union veteran,
under the statute which provides that in every public department
and upon all the public works of any city honorably discharged
Union soldiers, sailors, and marines shall be preferred for appoint-
ment, employment, and promotion. Laws 1884, c. 312, as amended
by Laws 1887, c. 464, and as further amended by Laws 1896, c.
821. On May 8, 1896, the appellant, who is an honorably dis-
charged Union soldier of the late war of the Rebellion, was ap-
pointed a foreman in the bureau of street construction and main-
tenance in the department of city works. In this employment he
had charge of a body of men known as a "repair gang," whose duty
consisted in making repairs upon the public streets. The term of
employment does not appear to be fixed by law or otherwise, and
the pay of such a foreman is four dollars a day. In November,
1896, the appellant was discharged from his position, without any
hearing upon charges under the statute. In the affidavit upon
which his application for the mandamus was based he alleges that
at the time he was discharged other foremen in the same employ-
ment were retained, and among them two persons who were not
veterans, viz. Thomas Gavin and William Quirk. In the papers
read in opposition to the application it was alleged in behalf of
the commissioner of city works that Quirk had been practically
dismissed at about the time when the appellant was discharged,
and had never done any work for the department since. As to

Gavin, the commissioner swore, in an affidavit verified February 11, 1897, that he "is not now employed as foreman of street repairs in said city of Brooklyn, and has not been so employed since the 11th day of November, 1896, when his duties ceased as foreman of a gang of street repairers, and he entered upon the duties of foreman of a connection gang, to which he was transferred by deponent in good faith, and because he had shown ability and reliableness, on the 18th day of September, 1896, said transfer to take effect when his said duties as foreman of street repairing were finished." This allegation indicates what is the principal question of fact as to which the parties to this proceeding are at variance. In the service of the department of city works the laborers who do work upon the streets are classified into gangs known, respectively, as "repair gangs" and "connection gangs." The appellant, in his moving papers, alleges that the duties of both these classes of gangs are identical; whereas the opposing affidavits, without expressly denying this allegation, contain statements of fact, the fair import of which, I think, amounts to an averment that the duties of the repair gangs and the connection gangs are different, and that the work done by the repair gangs is only practicable during the warm season. Hence it is contended in behalf of the respondent that the employment of the appellant was only temporary in its nature, and ended with the termination of warm weather. This appears to have been the view adopted by the learned judge at special term. That view would be correct, I think, if it were not for the question in the case as to the identity of the work done by the repair gangs and the connection gangs. If it be true, as alleged by the appellant, that their duties were substantially the same, he certainly was deprived of the preference intended to be bestowed by the statute, when he was discharged from the service of the department, while Gavin, who was not a veteran, was retained. The propriety of the action of the commissioner, therefore, in dismissing the appellant, depends upon the character of the employment of these two foremen. Both men being actually in the service of the city, he could not lawfully, except upon charges, and after a hearing, dismiss the veteran, and retain the foreman who was not a veteran, to do substantially the same kind of work. In re Sullivan, 55 Hun, 285, 8 N. Y. Supp. 401, is precisely in point. There the relator was an honorably discharged soldier, employed as a laborer in the department of public works, and engaged in repairing and repaving streets in the city of New York. He was discharged from employment, while the same kind of work remained to be done, and others, who were not veterans, had been retained to do it. It was held that the relator was entitled to be reinstated by mandamus. If the appellant is right in his contention that the work of repair gangs and connection gangs is identical in character, his employment cannot be deemed temporary, and terminable upon the arrival of cold weather, inasmuch as Gavin nevertheless continued to be employed, discharging the same duties, after the winter began. In this respect the present case differs from People v. Gilroy, 60 Hun, 507, 15 N. Y. Supp. 242, where the employment

of the relator as an inspector was limited to a particular purpose, and in connection with a special work; and even there the court expressly said that if he had been a general employé as inspector, he would have come within the preference of the act of 1887. The statutory preference to which veterans are entitled would amount to very little, so far as laborers are concerned, if veterans could lawfully be discharged from the public employment at the approach of winter, while men who are not veterans could be retained in the service of the municipality, doing substantially the same work. It is quite true, as stated in the opinion at special term, that the duty of the commissioner of city works was to discharge all men whose services were no longer needed; but this duty must be exercised with reference to the command of the statute in regard to the preference to which veterans are entitled, and, wherever there are two men employed in a public department, one being a veteran and the other not, and the services of only one man are required for the future, the statute makes it the duty of the superior officer who has the power of discharge or dismissal to retain the veteran, rather than the man who has never been in the military or naval service of the nation. This case turns upon the question whether Gavin was, in fact, retained to perform the same sort of service which McCloskey also had been rendering; and an alternative mandamus should be awarded in order that this question may be tried and determined.

The order appealed from must be reversed, and the application granted so far as to award an alternative writ; costs to abide the event. All concur.