(38 Misc. Rep. 433.)

PEOPLE ex rel. WANZOR v. STURGIS, Fire Com'r.

(Supreme Court, Special Term, New York County.   July, 1902.)

1. MUNICIPAL CORPORATIONS—VETERAN FIREMAN—DISMISSAL.
   A veteran volunteer fireman of the city of New York, who alleges that he was a regular clerk in the fire department, cannot be discharged without a hearing if it appears that persons neither veterans nor honorably discharged firemen were retained, as he alleges the fact to be, in the department, doing the same or similar work to that which he had been doing.

2. MANDAMUS—AFFIDAVIT—DENIAL.
   Where an affidavit in an application for mandamus states a fact positively, a denial of knowledge or information sufficient to form a belief is not a sufficient denial of the fact alleged.

3. MUNICIPAL CORPORATIONS—REGULAR CLERK.
   The fact that a person employed as a clerk in the fire department is designated as a "contract clerk" is insufficient to show that he is not a regular clerk.

Motion by the people, on the relation of Claude A. Wanzor, for writ of mandamus to Thomas Sturgis, fire commissioner of the city of New York.   Writ issued.

A. S. Gilbert, for the motion.

George L. Rives, Corp Counsel (J. F. O'Brien, of counsel), opposed.

GIEGERICH, J.   The relator, a veteran volunteer fireman, seeks reinstatement as a regular clerk in the fire department of the city of New York, alleging he was discharged by the respondent without a hearing.   The dismissal is sought to be justified by the respondent upon the ground that the position was abolished when the relator was removed, but the latter avers in the petition "that other persons were retained in the defendant's department, doing the same work, or work similar to the work that I had been performing, or, in any event, doing clerical work, who were not veterans or honorably discharged firemen," and avers that "the duties performed by the relator as contract clerk are now performed by the assistant secretary of the fire department, who is an honorably discharged veteran of the Civil War, and by a clerk who is a veteran volunteer fireman, as was the case before the creation of the position of contract clerk, and the appointment of the relator thereto."   It is to be observed that there is no denial of the allegation that "clerical work" was being done by persons who had been retained in the department, and who were neither veterans nor honorably discharged firemen.   From other portions of the petition, it appears that, in addition to his specific duties as contract clerk, the relator performed such other clerical duties as were assigned to

¶ 2. See Mandamus, vol. 33, Cent. Dig. § 350.

him by his superiors, and in paragraph 6 he alleges that he performed the duties of a regular clerk. The opposing affidavit, after making certain specific admissions and the denial above recited, contains the following: "Denies that he has any knowledge or information sufficient to form a belief as to any of the allegations contained in relator's affidavit not hereinbefore specifically admitted or denied." The respondent must know, or at least it is his duty to know, whether or not clerical work is being performed in his department by others than veterans or honorably discharged firemen, and also whether or not the relator performed the duties of a regular clerk; and the broad denial just quoted of any knowledge or information sufficient to form a belief as to any of the allegations not specifically admitted or denied must, so far as concerns the allegations just referred to, be treated as ineffectual. See People v. Board of Assessors, 52 How. Prac. 140; In re Sullivan, 55 Hun, 285, 8 N. Y. Supp. 401; In re McLean, 62 Hun, 1, 16 N. Y. Supp. 417. This form of denial is, under the Code of Civil Procedure (section 500, subd. 1), sufficient to raise an issue in pleadings (Insurance Co. v. Toplitz, 58 App. Div. 188, 68 N. Y. Supp. 680); but it is not a denial of a fact stated positively in an affidavit. As was said by the court in People v. Board of Assessors, 52 How. Prac. 141:

"That form of denial, for the purpose of meeting the averments of a positive affidavit upon a special motion, really amounts to nothing. The Code has allowed it in an answer or reply in forming issues of fact by way of pleading, but it has not been sanctioned or allowed for any other purpose."

The mere circumstance that the relator, as a part of his duties, had work to perform which led to his receiving a particular designation, does not show that he was not a regular clerk. See People v. Dalton, 34 App. Div. 302, 54 N. Y. Supp. 216; People v. Hertle, 46 App. Div. 505, 60 N. Y. Supp. 23, 61 N. Y. Supp. 965; and People v. Scully, 56 App. Div. 302, 67 N. Y. Supp. 839. The fact seems quite plain that the relator's duties were of a general character, and that, for purposes of convenience of designation, and to indicate a portion of the duties which he performed, he was called a "contract clerk."

It is urged in opposition to the issuance of a peremptory writ that it is incumbent on the relator, under the rule laid down in Re Breckenridge, 160 N. Y. 103, 54 N. E. 670, to show, which he has failed to do, that there is a position vacant which he is qualified to fill, and where the same compensation is paid. On the other hand, the petitioner relies upon the decision in Stutzbach v. Coler, 168 N. Y. 416, 61 N. E. 697, where (at page 419, 168 N. Y., and page 697, 61 N. E.) it was said:

"Lack of information justified the act of the comptroller in attempting to discharge him, but if his removal was illegal because he was a veteran, it became the duty of the comptroller, when the fact came to his knowledge, to reinstate the relator, and, as there were other employés in the department not entitled to preference, to discharge one of them, as he would have done in the first instance had he been aware of the relator's status."

The former case proceeded upon the theory that the position of the relator had been abolished for reasons of economy, whereas the latter case was one where the relator had been discharged, although

the position or similar positions remained unabolished. The relator insists that, by virtue of the admission that he was a regular clerk, and the further admission that persons not veterans or honorably discharged firemen were retained in the performance of clerical work, he is entitled to a peremptory writ. I am of the opinion, however, because of the peculiar and somewhat confused state of the issues, that it will be better if a jury first determine whether persons neither veterans nor honorably discharged firemen were retained in the department doing the same work, or work similar to that which the relator had been performing. A finding upon this point will go far in deciding the real question in this case, which is whether the relator's removal was, in fact and substance, and irrespective of what it was called, a discharge, or whether his position was abolished. An alternative writ may issue.

Writ issued.