### SCHUYLER v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. June 10, 1904.)

1. MUNICIPAL CORPORATIONS—EMPLOYÉS—VETERANS—PREFERENCE.

     Civil Service Law, § 20 (Laws 1899, p. 808, c. 370), provides that in every public department, and on all public works, honorably discharged soldiers shall be entitled to preference in appointment and promotion, without regard to their standing on any list from which such appointment or promotion shall be made. *Held*, that such section did not prevent the head of the department of highways in the borough of Manhattan from dividing the employés into gangs, working in specified districts, for the benefit of the service, so long as veterans employed in such gangs were given preference over other employés in their particular gang.

2. SAME—ACTION FOR SERVICES.

     Where, in an action by a veteran employed in the department of streets in the city of New York, to recover wages for days on which he did not work, it appeared that he was neither arbitrarily prevented from working, nor was work refused him while there was work to be done in his district, but, on the contrary, he was given preference over the other workmen in his gang, his right to compensation being dependent on the rendition of services, he was not entitled to recover on the ground that, during the days sued for, laborers in other gangs and in other districts, who were not veterans, were furnished employment.

Appeal from Trial Term, New York County.

Action by William H. Schuyler against the city of New York. From a judgment dismissing the complaint on the merits, plaintiff appeals. Affirmed.

Argued before PATTERSON, P. J. and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Howard E. White, for appellant.
Terence Farley, for respondent.

O'BRIEN. J. Although the plaintiff excepted to the decision of the trial justice, we do not understand that there is any material dispute as to the facts, which are stated in the decision as follows:

"Plaintiff is an honorably discharged veteran of the Civil War, and was employed as a laborer in the department of highways, bureau of repaving and repairs, in the borough of Manhattan, city of New York, during the year 1900. The plaintiff's wages were $2.50 for each full day of eight hours that he worked, of which sum $2 is the regular daily wages of day laborers in the department of highways, and the extra 50 cents represented pay for night

work to which the plaintiff's gang was detailed. The plaintiff was also detailed as a 'lampman' in his gang, and on Sundays and holidays, and on days upon which the plaintiff was not regularly employed with his gang, he attended to the placing of guard lamps on the site of the work being done, and for this service he was paid $1 on such days. Upon twenty-seven days between January 15, 1900, and March 31, 1900, and on twenty-four days between November 1, 1900, and December 31, 1900, the plaintiff, with the rest of his gang, was given no regular employment other than that of lighting the lamps, for which he received $1 per day. During all the period sued for, the plaintiff was assigned to gang No. 23, in the First District, which comprised the lower end of Manhattan Island, of the department of highways. The territory of the department of highways, borough of Manhattan, is divided into districts, and each district is in turn subdivided into subterritorial districts, to one of which each of the several gangs therein is assigned, and in which it operates. There were twelve such gangs in the First District. A gang consisted, according to the uniform rule in said department of highways, of two pavers, a rammer, four or five laborers—one to two carts—and a foreman. The men were assigned to the respective gangs by written order of the superintendent. During the periods sued for the plaintiff earned, by reason of his detail as lampman, more wages than any other laborer in his gang, and there was no evidence that any other laborer in plaintiff's gang was credited with longer hours of labor than the plaintiff, or that the plaintiff was not preferred over the other members of his gang. But the plaintiff proved that, upon certain days when he was not credited with a full day's work, certain other laborers of gangs Nos. 12 and 20, respectively, in the Sixth District, and of gang No. 2 of the First District, worked for a full day, and that these men were not veterans. The plaintiff did not prove that a vacancy existed anywhere in the department of highways to which he might have been transferred and received more work therein. It therefore appears that within the particular executive unit in which the plaintiff was employed, to wit, the gang, he received more wages than any other laborer therein, and thus received every preference, in the absence of an appropriate vacancy elsewhere, to which he was entitled by law as a veteran of the Civil War. His preference did not extend outside the particular executive unit or formation in which he was employed, as to so extend it would unreasonably hamper and disorganize the city business."

The complaint was therefore dismissed on the merits, and with costs to the defendant.

The appellant contends that, under the statute relating to the privileges of veterans and the rights of civil service employés, and the decisions construing those statutes, the conclusion reached by the learned trial judge upon the undisputed facts was wrong; and we are therefore called upon to refer briefly to the civil service law, and the decisions under it.

Section 20 of the civil service law (chap. 370, p. 808, Laws 1899) provides in part that:

"In every public department and upon all public works * * * honorably discharged soldiers * * * shall be entitled to preference in appointment and promotion without regard to their standing on any list from which such appointment or promotion may be made. * * *"

The plaintiff having been appointed and allowed to work every day that there was work for the gang to which he was assigned to do, it is evident that the letter of section 20 has not been violated. It is insisted, however, that its spirit, if followed, required that the plaintiff, having entered the employ of the city under the civil service regulations, is entitled to so much permanency of employment as would keep him continuously at work, receiving wages from day to day,

until the relation of employer and employé is legally severed. Our attention is called to McCloskey v. Willis, 15 App. Div. 594, 44 N. Y. Supp. 682, wherein it was held (headnote) that:

"Wherever two men are employed in a public department of a city, one a veteran, and the other not, and the services of only one man are required for the future, the statute makes it the duty of the superior officer to retain the veteran, rather than the man who is not a veteran, where the services which have been rendered by each are of the same character."

It is true that, on some of the days when the plaintiff did not work because there was no work in his section to do, men who were not veterans were employed in other gangs in other sections of the city; but we do not think that, even under the rule laid down in the McCloskey Case, supra, this gave the plaintiff any right to recover for days upon which he did not work. The plaintiff was neither discharged, suspended, nor prevented from working. He was assigned to duty in a repair gang which had to take care of a certain section of the city, and it was only upon days when no repairs were to be made in that section, and no member of the gang to which the plaintiff belonged worked, that he was laid off, as were also the rest of the gang. This the plaintiff admits, but he insists that, if on a certain day there was no work for his gang to do, he was nevertheless, as a veteran, entitled to be assigned to some work in another district where there was work to do. It is obvious that, if such contention can be supported, it would introduce endless confusion, disorganize all the gangs in the city, and seriously obstruct public business; and, unless there is mandatory language requiring such a construction of the civil service law, it should not prevail. We can find no law which prevents the heads of departments from instituting, in good faith, for the benefit of the service, such rules and regulations as to the distribution of employés as will effectively carry forward the work of the department. Where, therefore, to that end, the department of highways divided the city into districts, and the districts into sections, and assigned the men employed to work in the different sections, we think that, in obtaining the preference or the right to work on all days when there was work to do in the particular section to which the plaintiff was assigned, he secured all the rights to which he was entitled under the law, and all that, under the McCloskey Case, he should receive.

It was said in Driscoll v. City of New York, 78 App. Div. 52, 79 N. Y. Supp. 479, which involved the right of a member of the uniformed force of the department of street cleaning to recover compensation alleged to be due him for certain periods of time when he did no work in consequence of his being laid off by order of the commissioner, that:

"His compensation is for a day's work at a fixed day's wages, and we think his right to those wages would continue from time to time, were he arbitrarily prevented from working, or if work were refused him; * * * and that is so, not because his wages or compensation are attached as an incident to the position he holds, but because his right to employment until discharged results from the evident policy of the civil service law."

In the present case the plaintiff was neither arbitrarily prevented from working, nor was work refused him while there was work to be

done in his district; and, as he did not work upon the days for which he seeks to recover, we do not think that he is entitled to wages.

Following the Driscoll Case, supra, this court held in Eckerson v. City of New York, 80 App. Div. 12, 80 N. Y. Supp. 168 (headnote), that:

"The employment of the day laborer does not constitute him an officer of the municipality, whose wages are an incident to his office, but simply creates a contract between him and the city, under which he is only entitled to receive compensation for such service as he renders."

Apart, therefore, from the question of whether or not the plaintiff was entitled to be transferred from the gang with which he was connected, when there was no work for that gang to do, to another gang in a different section of the city, where there was work to be done, we think that the complaint here was properly dismissed, for the reason that in the case of a laborer a day's wages go with a day's work, and it is only where the laborer is, through the arbitrary action of the head of the department, prevented from working, that wages could be recovered where services have not been rendered.

Moreover, we are also doubtful whether the question suggested as to the plaintiff's right to be transferred from one gang to another could be raised in an action, such as this, to recover compensation where no services have been rendered. If the plaintiff was entitled under the civil service law to work whenever there was anything for any of the gangs to do in any portion of the city, then, seemingly, his remedy would be by mandamus to compel the head of the department to give him such preference in work, and upon refusal he might have an action to recover from the one in authority who refused to give him work, or possibly, under the rules laid down in the Driscoll Case, supra, an action against the city, upon the theory that he was arbitrarily prevented from working and earning his compensation. Excepting the cases wherein the right to recover depends upon the arbitrary or wrongful act of the commissioner in refusing employment, we think that where a laborer is paid by the day, and the right to compensation depends upon the rendition of services, he cannot recover from the city unless he does the work. Here there is no claim of arbitrary or wrongful action upon the part of the commissioner; the record showing, as we have already pointed out, that, for the purpose of more efficiently performing the work, the commissioner organized the laborers into gangs, and assigned them to various sections of the city, and that the plaintiff, as a member of the particular gang to which he was assigned, was given a preference and a right to work upon all days when there was work to do. If he wished to raise the question—which is the real one here involved—as to his right to be transferred to another gang, then, as suggested, his more direct and appropriate remedy would seemingly be by mandamus to compel the commissioner to transfer him to some other gang. Without, however, deciding that mandamus was his only remedy, we think that, upon the facts here appearing, he was paid for all the time during which he actually worked, and that, because not protesting, he must be held to have acquiesced in the reasonable regulation made

by the commissioner for the disposition of the work of the department, he is not entitled to recover for the days on which he performed no work.

The complaint was therefore properly dismissed, and the judgment appealed from should be affirmed, with costs. All concur.