(69 Misc. Rep. 38.)

### BARTON v. BRENNAN et al.

(Supreme Court, Special Term, New York County. September, 1910.)

1. MUNICIPAL CORPORATIONS (§ 157*) — REMOVAL OF VETERAN —REINSTATE-MENT.

Where relator, a veteran, was appointed general inspector of construc-tion in Bellevue and Allied Hospitals, and his salary was duly fixed. and he was removed when the building to which he had been last as-signed as inspector had been completed, and there was work requiring his functions, he was entitled to be reinstated and reassigned to it, in preference to another, appointed to the same office at a later date, who is not a veteran.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 347; Dec. Dig. § 157.*]

2. MUNICIPAL CORPORATIONS (§ 157*)—VETERANS—REMOVAL FROM OFFICE—REINSTATEMENT.

A veteran, unlawfully removed from a city office, does not waive his rights to reinstatement by having, since his discharge, accepted a posi-tion under the state.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 157.*]

3. MUNICIPAL CORPORATIONS (§ 162*)— REMOVAL OF VETERAN — REINSTATE-MENT—RECOVERY OF SALARY.

Under Civil Service Law (Consol. Laws, c. 7) § 23, a veteran can only recover a salary due him on unlawful removal until his reinstatement.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 363; Dec. Dig. § 162.*]

Application of William E. Barton for a writ of mandamus against John W. Brennan and others. Application granted.

Morgan, Breckenridge & Marvin, for relator.
Archibald R. Watson, Corp. Counsel, for defendants.

BIJUR, J. This is an application for a writ of mandamus direct-ing the board of trustees to reinstate the relator in the position of "general inspector of construction in Bellevue and Allied Hospitals," with a salary due him from the date of his wrongful removal and for various periods theretofore during which he claims he was "sus-pended." The application is made under section 21 and section 22 of the civil service law (Consol. Laws, c. 7), and section 1543 of the Greater New York charter (Laws 1901, c. 466); the relator being a veteran. He was appointed to the position named above, which was created originally under the precise designation recited in ac-cordance with a request of the trustees of Bellevue and Allied Hos-pitals. His salary was duly fixed and authorized by the board of es-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

timate and apportionment and the board of aldermen. He was removed on the ground that the building to which he had been last assigned as inspector had been completed.

Respondent cites the case of People ex rel. Chappel v. Lindenthal, 173 N. Y. 524, 66 N. E. 407, as a controlling authority. There, however, the relator "held the position of bridge tender to a certain bridge," and when the bridge was taken down his employment necessarily ceased. In the case at bar the relator was appointed to the position of "general inspector of construction for Bellevue and Allied Hospitals." There was also one other person occupying a similar position under a similar designation, who was not a veteran. From time to time the board of trustees assigned or appointed the relator and the other inspector to duty upon various buildings which were being constructed under their supervision. It is evident that his position was to be continuous, and that his assignments to active duty thereunder would be, as they were, periodic, dependent upon the work arising from time to time requiring supervision. There is at present work requiring the exercise of relator's functions, which is now, however, being performed by the other official with a similar title who was appointed since relator's original appointment and who is not a veteran. The authorities are clear that in such a situation the preference must be given to the veteran when it is necessary to discharge an employé. Stutzbach v. Coler, 168 N. Y. 416, 61 N. E. 697; People ex rel. Wanzor v. Sturgis, 38 Misc. Rep. 433, 77 N. Y. Supp. 1008; Matter of McCloskey v. Willis, 15 App. Div. 594, 44 N. Y. Supp. 682.

Since his discharge the relator has accepted a position under the state government. The effect of such an act under similar circumstances does not seem to have been passed upon by any appellate court. I am not inclined to think that it constitutes a waiver of or a bar to the rights of a relator to reinstatement. Padden v. City of New York, 45 Misc. Rep. 517, 92 N. Y. Supp. 926. The application for a peremptory mandamus to reinstate relator is therefore granted.

The application, however, in so far as it relates to the claim of salary must be denied. Upon a strict reading of section 23 of the civil service law, salary is recoverable only by one "who shall have been restored to such position or employment." Technically relator is not yet in that position. It will, of course, be open to him, in case his salary be not paid, to make application for appropriate relief after his reinstatement. Nor do I pass upon the amount of salary to which he may be entitled.

Application granted.